IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RUSSELL HANDJIS, INDIVIDUALLY, AND ON BEHALF
OF THE WRONGFUL DEATH BENEFICIARIES OF
LACEY ROBINETTE HANDJIS; AND
SHERRY HANDJIS, ON BEHALF OF JACK HANDJIS
AND TYLER HANDJIS, MINOR CHILDREN OF
LACEY ROBINETTE HANDJIS                                          PLAINTIFFS

v.                                                  CAUSE NO. 5:25-cv-5-KS-BWR

ADAMS COUNTY, MISSISSIPPI; ADAMS COUNTY
MISSISSIPPI SHERIFF'S DEPARTMENT; SHERIFF
TRAVIS PATTEN; CHIEF STANLEY SEARCY;
LIEUTENANT CHARLES CLEMONS; MASTER
SEARGENT BRENDA RUSSELL; JAILER
SHARTA TYMS; JOHN DOES 1-5; AND ABC CORPS. 6-10          DEFENDANTS

## COMPLAINT
### (Jury Trial Requested)

COME NOW, Russell Handjis, individually, and on behalf of his minor children, Jack Handjis and Tyler Handjis, as the wrongful death beneficiaries of Lacey Robinette Handjis, deceased; and Sherry Handjis, also on behalf of Jack Handjis and Tyler Handjis, the minor children of decedent Lacey Robinette Handjis, and hereby file this, their Complaint against Adams County, Mississippi, Adams County Mississippi Sheriff's Office, Sheriff Travis Patten, Chief Stanley Searcy, Lieutenant Charles Clemmons, Master Sargant Brenda Russell, Sharta Tyms, John Does 1-5 and ABC Corps. 6-10, and, in support thereof, state the following:

## I.

## PARTIES

1.      Plaintiff Russell Handjis is an adult citizen of the State of Mississippi.  He lives in Adams County, Mississippi.  Mr. Handjis and decedent Lacey Robinette Handjis were married

1

until her death.  He and Lacey Robinette Handjis had two children together, Jack Handjis and Tyler Handjis, both of whom are minors.

2.      Plaintiff Sherry Handjis is an adult citizen of the State of Louisiana.  She lives in Concordia Parish, Louisiana.  At the time of the filing of this lawsuit, Sherry Handjis has temporary custody of the minor children of Plaintiff Russell Handjis and her deceased daughter-in-law, Lacey Robinette Handjis, the aforesaid Jack Handjis and Tyler Handjis.

3.  Adams County, Mississippi is a political subdivision of the State of Mississippi. Process on Adams County, Mississippi may be served upon the Attorney General of Mississippi, Lynn Fitch, pursuant to M.R.C.P. 4(d)(5) and on the Adams County Chancery Clerk pursuant to F.R.C.P. 4(j).

4.  Adams County Mississippi Sheriff's Office is a political subdivision of Adams County, Mississippi.  Process on Adams County, Mississippi may be served upon the Attorney General of Mississippi, Lynn Fitch, pursuant to M.R.C.P. 4(d)(5) and on the Adams County Chancery Clerk pursuant to F.R.C.P. 4(j).

5.  Sheriff Travis Patten is the Sheriff of Adams County, Mississippi and is being sued in his individual and official capacity.   Process on Sheriff Travis Patten may be served upon the Attorney General of Mississippi, Lynn Fitch, pursuant to M.R.C.P. 4(d)(5) and on the Adams County Chancery Clerk pursuant to F.R.C.P. 4(j). He may be served in his individual capacity at the Adams County Sheriff's Department.

6.  Chief Stanley Searcy is the administrator for the Adams County Jail and is being sued in his individual and official capacity.  Process on Adams County, Mississippi may be served upon the Attorney General of Mississippi, Lynn Fitch, pursuant to M.R.C.P. 4(d)(5) and on the Adams

County Chancery Clerk pursuant to F.R.C.P. 4(j). He may be served in his individual capacity at the Adams County Sheriff's Department.

7. Lieutenant Charles Clemmons is believed to be in a supervisor capacity at the Adams County Jail and is being sued in his individual and official capacity. Process on Adams County, Mississippi may be served upon the Attorney General of Mississippi, Lynn Fitch, pursuant to M.R.C.P. 4(d)(5) and on the Adams County Chancery Clerk pursuant to F.R.C.P. 4(j). He may be served in his individual capacity at the Adams County Sheriff's Department.

8. Master Sargant Brenda Russell is believed to be in a supervisor capacity at the Adams County Jail and is being sued in her individual and official capacity. Process on Brenda Russell may be served upon the Attorney General of Mississippi, Lynn Fitch, pursuant to M.R.C.P. 4(d)(5) and on the Adams County Chancery Clerk pursuant to F.R.C.P. 4(j). She may be served in her individual capacity at the Adams County Sheriff's Department.

9. Sharta Tyms is a jailer at the Adams County Jail and is being sued in her individual and official capacity. Process on Sharta Tyms may be served upon the Attorney General of Mississippi, Lynn Fitch, pursuant to M.R.C.P. 4(d)(5) and on the Adams County Chancery Clerk pursuant to F.R.C.P. 4(j). She may be served in her individual capacity at the Adams County Sheriff's Department.

10. Defendants John Does 1-5 are individuals whose identities cannot be determined at

3

this time. These defendants' actions and/or inactions were the proximate cause of the Plaintiffs' damages. Upon discovery of the identities of said individual Defendants, they will be substituted.

11. Defendants ABC Corps. 6-10 are corporations whose identities cannot be determined at this time. These defendants' actions and/or inactions were the proximate cause of the Plaintiffs' damages. Plaintiffs will amend and insert the exact name and identity of each of the defendant corporations when they have been ascertained.

## II.

## JURISDICTION AND VENUE

12. This Court has original jurisdiction over this action pursuant to 28 U.S.C §§ 1331, and 1343 because this action is brought pursuant to 42 U.S.C. § 1983, for the deprivation of Decedent Lacey Robinette Handjis' civil rights under the Fourth and Fourteenth Amendments. Further, this Court has jurisdiction over the state law claims pursuant to 28 U.S.C § 1367.

13. Venue is proper in this Court because acts and omissions occurred in Adams County, Mississippi.

## III.

## FACTS

14. This action is brought under 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

15. This case arises out of the death of Lacey Robinette Handjis ("Lacey") while

4

she was being held at the Adams County Mississippi Jail in Natchez, Mississippi.  Lacey was being held at the Adams County Mississippi Jail due to a mental health crisis she was experiencing.

16.    At the time of her death, Lacey was a resident of Natchez, Mississippi, and married with two young children.

17.    Unfortunately, Lacey suffered from a mental health condition that became symptomatic in August 2023.

18.    Lacey traveled to Winona, Mississippi sometime in mid-August with her children. During this time, Lacey was exhibiting symptoms of a mental health condition.

19.    On August 23, 2023, Lacey arrived at her brother's house in the Mississippi Delta. She spent two nights at her brother's house during which time she exhibited signs of being manic and paranoid.

20.    On August 24, 2023, Lacey took a drug test at a clinic in Sumner, Mississippi, which was negative for illicit substances.

21.    On August 25, 2023, Lacey returned to Winona and continued exhibiting symptoms of a mental health condition, which caused the Winona Police to conduct a wellness check.

22.    On August 26, 2023, the decision was made to take Lacey into custody, so that a mental hold order could be obtained.

23.    On August 28, 2023, a Monday, Lacey's brother attempted to get a mental hold order from the Montgomery Chancery Clerk, but the Clerk directed him to the Adams County Chancery Clerk, who directed him back to Montgomery County.  Eventually, the Adams County Chancery Clerk accepted the mental hold affidavit.

24. Montgomery County contacted the Adams County Jail to advise them of Lacey's mental condition and that they were going to transport her to the Adams County Jail. The Adams County Jail accepted the transfer and understood that Lacey was being held due to a mental condition.

25. Later the same day, Lacey was transported by a Winona Police Sargent to the Adams County Jail.

26. Instead of taking Lacey to the Crisis Stabilization Unit in Natchez or calling a Mobile Crisis Response Team, or taking her to a hospital, Sheriff Patten, Chief Stanley Searcy, Lieutenant Charles Clemmons, Master Sargent Brenda Russell, Sharta Tyms, and any other individuals whose identities cannot be determined at this time decided to hold her at the Adams County Jail.

27. Lacey was booked in the Adams County Jail, mugshots were taken, and she was given a jail issued suit. According to the Sheriff, she was placed in a padded holding cell and was under 24-hour video surveillance by Sheriff Patten, Chief Stanley Searcy, Lieutenant Charles Clemmons, Master Sargent Brenda Russell, Sharta Tyms, and any other individuals whose identities cannot be determined at this time. There, she was under the care, custody, and control of Defendants.

28. On information and belief, during the time she was at the Adams County Jail, Lacey was screaming, yelling, being disruptive, and erratic. She thereafter began vomiting and defecating in the cell, exhibiting symptoms of an urgent medical issue.

29. On information and belief, neither Sheriff Patten, nor anyone else, including Chief Stanley Searcy, Lieutenant Charles Clemmons, Master Sargent Brenda Russell, Sharta Tyms, or any other individuals whose identities cannot be determined at this time, obtained any mental or

medical assistance for Lacey.  The Defendants knew at all times material that Lacey was in mental and medical distress and needed immediate medical attention, but they did nothing to get her medical treatment and disregarded her well-being.

30.     On information and belief, around 2:30 a.m. on August 29, 2023, Lacey became quiet, lethargic, and non-responsive.

31.     Later, on information and belief, a guard or jailer found Lacey dead.

32.     The September 7, 2023, toxicology report was negative for any illicit substances.

33.     The Mississippi Crime Lab autopsy report indicates that there is video surveillance of Lacey which reflects the erratic behavior and other symptoms and things that warranted immediate medical intervention, as well as the decline she experienced until her death. The cause of death was listed as undetermined, but her labs show a hyponatremic dehydration pattern, which would be consistent with the symptoms she was experiencing in the cell prior to her death.

34.     An independent autopsy report prepared on March 20, 2024, found the cause of death to be hyponatremia dehydration (low sodium).

35.     Lacey's cause of death could have been easily prevented had the Defendants (Sheriff Patten, Chief Stanley Searcy, Lieutenant Charles Clemmons, Master Sargent Brenda Russell, Sharta Tyms, and any other individuals whose identities cannot be determined at this time) provided or obtained medical treatment for her.

**IV.**

**CAUSES OF ACION**

**Count I -- 42 U.C.A. Sec. 1983**

**Violation of Fourth Amendment Rights**

36.     Plaintiffs adopt and incorporate each of the foregoing paragraphs as if restated herein.

37.     The Defendants were government officials and/or employees acting under the color of law.  Each were acting in an official capacity of Adams County and/or the Adams County Sheriff's Department while exercising responsibilities pursuant to state law at all times material.

38.     The Fourth Amendment to the U.S. Constitution governs here.  The Fourth Amendment's objectively reasonable standard applies in this case.

39.     The Defendants, including Sheriff Patten, Chief Stanley Searcy, Lieutenant Charles Clemmons, Master Sargent Brenda Russell, Sharta Tyms, and other individuals whose identities cannot be determined at this time, failed to provide objectively reasonable care to Lacey while she was being held in the cell at the Adams County Jail.

40.     Specifically, the Defendants violated Lacey's Fourth Amendment rights by depriving her of the right to medical care while they knew, or should have known, at all times material, that Lacey was in severe medical and mental distress, as evidenced by, among other things, her screaming, yelling, being disruptive and erratic and also by her vomiting and defecating in the cell--exhibiting symptoms of an urgent medical issue-- and, therefore, was in urgent need of medical care while she was in the cell.

41.     The Defendants' breach of their duty to provide Lacey with objectively reasonable care by not providing her with the medical care she needed directly and proximately caused Lacey to experience pain and suffering and, ultimately, death.

42.     The Defendants further breached their duty to provide Lacey with objectively reasonable care by not transporting her, or causing her to be transported, to the Crisis

8

Stabilization Unit in Natchez, Mississippi, or to a hospital in Natchez once she arrived at the Adams County Jail, as opposed to holding her there at the Jail, particularly when she was exhibiting signs or an urgent medical issue.

43.     Defendants' breach of their duty to provide Lacey with objectively reasonable care by not transporting her to the Crisis Stabilization Unit in Natchez, Mississippi, or to a hospital in Natchez once she arrived at the Adams County Jail, as opposed to holding her there at the Jail, directly and proximately caused Lacey to experience pain and suffering and, ultimately, death.

**Count II**

**42 U.C.A. Sec. 1983**

**Violation of Fourteenth Amendment Rights**

44.      Plaintiffs adopt and incorporate each of the foregoing paragraphs as if restated herein.

45.     The Defendants were government officials and/or employees acting under the color of law.  Each were acting in an official capacity of Adams County and/or the Adams County Sheriff's Department while exercising responsibilities pursuant to state law at all times material.

46.     Alternatively, the Fourteenth Amendment to the U.S. Constitution governs here.

47.     The Defendants, including Sheriff Patten, Chief Stanley Searcy, Lieutenant Charles Clemmons, Master Sargent Brenda Russell, Sharta Tyms, and other individuals whose identities cannot be determined at this time, violated Lacey's Fourteenth Amendment rights by depriving her of the right to medical care because the Defendants subjectively knew, at all times material, that Lacey faced substantial risk of suffering serious harm, evidenced by, among other

9

things, her screaming, yelling, being disruptive and erratic and also by her vomiting and defecating in the cell--exhibiting symptoms of an urgent medical issue--and responded to that risk with deliberate indifference, which was evidenced by Defendants' disregarding that risk by failing to take reasonable measures to abate it.   Here, that is evidenced by the Defendants, among other things, failing to provide her with the medical care she needed.

48.    The Defendants also acted with deliberate indifference in this case by refusing, at all times material, to treat Lacey, ignoring her complaints, intentionally treating her incorrectly, and/or engaging in similar conduct clearly evidencing a wanton disregard for her serious medical needs that existed while she was being held in the cell.

49.    The Defendants deliberate indifference to Lacey's need for immediate medical care directly and proximately caused Lacey to experience pain and suffering and, ultimately, death.

## Count III

### State Law Claim: Negligence

50.    Plaintiffs adopt and incorporate each of the foregoing paragraphs as if restated herein.

51.    Defendants owed a duty to Lacey to exercise reasonable and ordinary care in their treatment of her while she was under the care, custody, and control of Defendants, including while she was in the Adams County Jail.

52.    The Defendants, including Sheriff Patten, Chief Stanley Searcy, Lieutenant Charles Clemmons, Master Sargent Brenda Russell, Sharta Tyms, and other individuals whose identities cannot be determined at this time, breached their duties, through acts and omissions, by, among other things, failing or refusing to provide any medical treatment or obtain medical

treatment for Lacey while she was clearly in serious medical distress and required urgent medical care, as evidenced by, among other things, her screaming, yelling, being disruptive and erratic and also by her vomiting and defecating in the cell.

53.    As a direct and proximate result of Defendants' breach of their duties as set forth heretofore, Lacey experienced pain and suffering and died.

54.    The Defendants, including Sheriff Patten, Chief Stanley Searcy, Lieutenant Charles Clemmons, Master Sargent Brenda Russell, Sharta Tyms, and other individuals whose identities cannot be determined at this time, further breached their duty to provide Lacey with reasonable and ordinary care by not transporting her to the Crisis Stabilization Unit in Natchez, Mississippi, or taking her directly to a hospital in Natchez once she arrived at the Adams County Jail, as opposed to holding her there at the Jail.

55.    The Defendants' breach of their duty to provide Lacey with reasonable and ordinary care by not transporting her to the Crisis Stabilization Unit in Natchez, Mississippi, or to a hospital in Natchez, once she arrived at the Adams County Jail, as opposed to holding her there at the Jail, directly and proximately caused Lacey to experience pain and suffering and, ultimately, death.

56.    Adams County, Mississippi and the Adams County Mississippi Sheriff's Department are liable for the negligence of Sheriff Patten, Chief Stanley Searcy, Lieutenant Charles Clemmons, Master Sargent Brenda Russell, Sharta Tyms, and any other individuals whose identities cannot be determined at this time.

**Count IV**

**State Law Claim:  Gross Negligence**

11

57.     Plaintiffs adopt and incorporate each of the foregoing paragraphs as if restated herein.

58.     The repeated actions and omissions, as described heretofore, of the Defendants, including Sheriff Patten, Chief Stanley Searcy, Lieutenant Charles Clemmons, Master Sargent Brenda Russell, Sharta Tyms, and other individuals whose identities cannot be determined at this time, constitute gross negligence, which evidences a willful, wanton, and reckless disregard for the safety and well-being of Lacey.

59.     Defendants' willful, wanton, and reckless disregard for the safety and well-being of Lacey directly and proximately caused Lacey to experience pain and suffering and, ultimately, death.

60.     Adams County, Mississippi and the Adams County Mississippi Sheriff's Department are liable for the negligence of Sheriff Patten, Chief Stanley Searcy, Lieutenant Charles Clemmons, Master Sargent Brenda Russell, Sharta Tyms, and any other individuals whose identities cannot be determined at this time.

## V.

## DAMAGES

61.     The Plaintiffs demand all damages available including, but not limited to: personal injuries, pain and suffering, loss of enjoyment of life, lost wages, lost earning capacity, and the loss of consortium, attention, guidance, care, protection, companionship, cooperation, society, services, affection, and love of Lacey, the pecuniary value of life of Lacey, the present net cash value for her life expectancy, all expenses related to the death and burial of Lacey, attorney fees pursuant to 42 U.S.C. § 1988 and contract, punitive damages, and all other damages allowable by law as the fact finder may determine to be just, taking into consideration all the

damages of every kind to Lacey, all damages of every kind to any and all parties interested in the

suit, pursuant to all federal laws and the laws of the State of Mississippi, and any other relief that

the Court may deem appropriate.

                                        Respectfully submitted,


                                        _/s/Eric Dillon_____
                                        Eric Dillon, MSB#100958
                                        Jonathan P. Barrett, MSB#102426



ERIC DILLON LAW FIRM, PLLC
216 West Jackson Street
Ridgeland, Mississippi 39157
601.906.5336
eric@ericdillonlawfirm.com


BARRETT LAW, PLLC
121 Colony Crossing, Suite D
Madison, Mississippi 39110
601.790.1505
jpb@barrettlawms.com

13