**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**RUSSELL HANDJIS, INDIVIDUALLY, AND ON BEHALF**
**OF THE WRONGFUL DEATH BENEFICIARIES OF**
**LACEY ROBINETTE HANDJIS; AND**
**SHERRY HANDJIS, ON BEHALF OF JACK HANDJIS**
**AND TYLER HANDJIS, MINOR CHILDREN OF**
**LACEY ROBINETTE HANDJIS**                                    **PLAINTIFFS**

**V.**                                    **CAUSE NO. 5:25-cv-00005-KS-BWR**

**ADAMS COUNTY, MISSISSIPPI; ADAMS COUNTY**
**MISSISSIPPI SHERIFF'S DEPARTMENT; SHERIFF**
**TRAVIS PATTEN; CHIEF STANLEY SEARCY;**
**LIEUTENANT CHARLES CLEMONS; MASTER**
**SERGEANT BRENDA RUSSELL; JAILER**
**SHARTA TYMS; JOHN DOES 1-5; AND ABC CORPS. 6-10**          **DEFENDANTS**

**ADAMS COUNTY, MISSISSIPPI, ADAMS COUNTY**
**MISSISSIPPI SHERIFF'S DEPARTMENT, SHERIFF TRAVIS**
**PATTEN, CHIEF STANLEY SEARCY, LIEUTENANT CHARLES CLEMONS,**
**MASTER SERGEANT BRENDA RUSSELL, AND JAILER SHARTA TYMS'**
<u>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**</u>

Adams County, Mississippi, Adams County Mississippi Sheriff's Department[1],

Sheriff Travis Patten, Chief Stanley Searcy, Lieutenant Charles Clemons, Master Sergeant

Brenda Russell, and Jailer Sharta Tyms (together "Answering Defendants"), by and

through counsel, submit their Answer and Affirmative Defenses to Plaintiffs' Complaint

[1] as follows:

---

[1] Mississippi sheriff's departments are not independent legal entities amenable to suit. *See*, *e.g.*, *Jones v. Browning*, No. 2:19-cv-118-KS-MTP, 2020 WL 265210, at *4 (S.D. Miss. Jan. 17, 2020) (citing *Shead v. Washington County Correctional Facility*, 2019 WL 2169179, at *1 (N.D. Miss. May 17, 2019)) (sheriff's departments are not subject to 42 U.S.C. § 1983 claims*); see also D.M. v. Forrest Cnty. Sheriff's Dep't*, No. 2:20-cv-48-KS-JCG, 2020 WL 4873486, at *8 (S.D. Miss. Aug. 19, 2020) (citing *Brown v. Thompson*, 927 So.2d 733, 737 (Miss. 2006)) (sheriff's departments are not subject to claims under the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, *et seq.*).

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

## SECOND DEFENSE

Plaintiffs' Complaint fails to state facts against Answering Defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

## THIRD DEFENSE

Answering Defendants specifically assert and invoke all defenses available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

## FOURTH DEFENSE

Sheriff Travis Patten, Chief Stanley Searcy, Lieutenant Charles Clemons, Master Sergeant Brenda Russell, and Jailer Sharta Tyms are entitled to qualified immunity in this matter. More specifically, Sheriff Patten, Chief Searcy, Lt. Clemons, Master Sgt. Russell, and Jailer Tyms would affirmatively aver that Plaintiffs' Complaint fails to allege a violation of a clearly established constitutional right, and that, at all times, their conduct was objectively reasonable.

## FIFTH DEFENSE

Insofar as any state law claims are concerned, Answering Defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort

Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, *et seq.*, including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

## SIXTH DEFENSE

Answering Defendants deny that they have been guilty of any actionable conduct.

## SEVENTH DEFENSE

## ADMISSIONS AND DENIALS

And now without waiving any defenses heretofore or hereinafter set forth, Answering Defendants respond to Plaintiffs' Complaint, paragraph-by-paragraph as follows:

## COMPLAINT
### (Jury Trial Requested)[2]

## I.

## PARTIES

1. Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 1 of Plaintiffs' Complaint and, as such, deny the same.

2. Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 2 of Plaintiffs' Complaint and, as such, deny the same.

3. Answering Defendants admit Adams County, Mississippi, is a political subdivision of the State of Mississippi, subject to the MTCA, and that it may be served with process pursuant to the MTCA and Rule 4 of the Mississippi Rules of Civil

---

[2] Plaintiffs' state law claims for negligence (Count III) and gross negligence (Count IV) must be tried by a judge of this Court "without a jury[.]" Miss. Code Ann. § 11-46-13(1).

3

Procedure. Answering Defendants deny the remaining allegations of paragraph 3 of Plaintiffs' Complaint.

4.      Answering Defendants deny the allegations of paragraph 4 of Plaintiffs' Complaint. *See* n.1 *supra*.

5.      Answering Defendants admit Sheriff Travis Patten is the duly elected Sheriff of Adams County, and that he may be served with process pursuant to the MTCA and Rule 4 of the Mississippi Rules of Civil Procedure. Answering Defendants deny the remaining allegations of paragraph 5 of Plaintiffs' Complaint.

6.      Answering Defendants admit Chief Stanley Searcy is employed by Adams County, Mississippi, and that he may be served with process pursuant to the MTCA and Rule 4 of the Mississippi Rules of Civil Procedure. Answering Defendants deny the remaining allegations of paragraph 6 of Plaintiffs' Complaint, as stated.

7.      Answering Defendants admit Lieutenant Charles Clemons is employed by Adams County, Mississippi, and that he may be served with process pursuant to the MTCA and Rule 4 of the Mississippi Rules of Civil Procedure. Answering Defendants deny the remaining allegations of paragraph 7 of Plaintiffs' Complaint, as stated.

8.      Answering Defendants admit Master Sergeant Brenda Russell is employed by Adams County, Mississippi, and that she may be served with process pursuant to the MTCA and Rule 4 of the Mississippi Rules of Civil Procedure. Answering Defendants deny the remaining allegations of paragraph 8 of Plaintiffs' Complaint, as stated.

9.      Answering Defendants admit Jailer Sharta Tyms is employed by Adams County, Mississippi, and that she may be served with process pursuant to the MTCA and

Rule 4 of the Mississippi Rules of Civil Procedure. Answering Defendants deny the remaining allegations of paragraph 9 of Plaintiffs' Complaint, as stated.

10. The allegations of paragraph 10 of Plaintiffs' Complaint concern unknown or fictitious defendants other than Answering Defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, Answering Defendants deny the allegations of paragraph 10 of Plaintiffs' Complaint.

11. The allegations of paragraph 11 of Plaintiffs' Complaint concern unknown or fictitious defendants other than Answering Defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, Answering Defendants deny the allegations of paragraph 11 of Plaintiffs' Complaint.

## II.

## JURISDICTION AND VENUE

12. Without waiving any limitations, restrictions, immunities, or defenses, Answering Defendants admit this Court has jurisdiction over claims for violations of the United States Constitution and federal law. Answering Defendants also admit this Court has supplemental jurisdiction over state law claims, but further admit the Court may decline such supplemental jurisdiction under certain circumstances. See 28 U.S.C. § 1367(c).

13. Without waiving any limitations, restrictions, immunities, or defenses, Answering Defendants admit this Court is the proper venue for Plaintiffs' claims for violations of the United States Constitution and federal law. Answering Defendants deny the remaining allegations of paragraph 13 of Plaintiffs' Complaint.

**III.**

**<u>FACTS</u>**

14.     The allegations of paragraph 14 of Plaintiffs' Complaint do not require a response. To the extent a response is deemed necessary, Answering Defendants deny the allegations of paragraph 14 of Plaintiffs' Complaint.

15.     Answering Defendants admit Lacey was held in the Adams County Jail on a mental health order beginning at approximately 2:20 PM on August 28, 2023, and that she died while in custody at approximately 4:40 AM on the morning of August 29, 2023. Answering defendants lack information sufficient to determine the truth of the remaining allegations of paragraph 15 of Plaintiff's Complaint, as stated, and, as such, deny the same.

16.     Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 16 of Plaintiffs' Complaint and, as such, deny the same, as stated.

17.     Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 17 of Plaintiffs' Complaint and, as such, deny the same, as stated.

18.     Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 18 of Plaintiffs' Complaint and, as such, deny the same, as stated.

19.     Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 19 of Plaintiffs' Complaint and, as such, deny the same, as stated.

20.     Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 20 of Plaintiffs' Complaint and, as such, deny the same, as stated.

21.     Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 21 of Plaintiffs' Complaint and, as such, deny the same, as stated.

22.     Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 22 of Plaintiffs' Complaint and, as such, deny the same, as stated.

23.     Answering Defendants admit that on August 28, 2023, L. Jackson Lazarus, a Special Master for the Adams County Chancery Court, entered an Order to hold Lacey Handjis for a commitment hearing, scheduled for the following day--August 29, 2023, at 3:30 PM. Answering Defendants lack information sufficient to determine the truth of the remaining allegations of paragraph 23 of Plaintiffs' Complaint and, as such, deny the same, as stated.

24.     Answering Defendants admit Lacey Handjis was held in the Adams County Jail pursuant to an Adams County Chancery Court Order to Hold. Answering Defendants deny the remaining allegations of paragraph 24 of Plaintiffs' Complaint, as stated.

25.     Answering Defendants admit Lacey was transported to the Adams County Jail and held pursuant to an Adams County Chancery Court Order to Hold. Answering defendants lack information sufficient to determine the truth of the remaining allegations of paragraph 25 of Plaintiffs' Complaint, as stated, and, as such, deny the same.

26.     Answering Defendants deny the allegations of paragraph 26 of Plaintiffs' Complaint, as stated.

27.     Answering Defendants deny the allegations of paragraph 27 of Plaintiffs' Complaint, as stated.

28.     Answering Defendants admit Lacey Handjis vomited and defecated in her cell while in the Adams County Jail. Answering Defendants deny the remaining allegations of paragraph 28 of Plaintiffs' Complaint, as stated.

29.     Answering Defendants deny the allegations of paragraph 28 of Plaintiffs' Complaint, as stated.

30.     Answering Defendants deny the allegations of paragraph 28 of Plaintiffs' Complaint, as stated.

31.     Answering Defendants admit Lacey Handjis was found deceased in her cell around 7:00 AM on the morning of August 29, 2023.

32.     The allegations of paragraph 32 of Plaintiffs' Complaint are too vague and non-specific for Answering Defendants to determine the truth of said allegations and, as such, Answering Defendants deny the same, as stated.

33.     Answering Defendants admit the Mississippi State Medical Examiner's Office ("MSME") listed the cause and manner of Lacey Handjis' death as

8

"undetermined." Answering defendants also admit video footage exists in this case, and parties will subsequently move to file the same with the Court under seal. Answering Defendants deny the remaining allegations of paragraph 33 of Plaintiffs' Complaint as they are legal conclusions.

34.    Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 34 of Plaintiff's Complaint and, as such, deny the same.

35.    Answering Defendants deny the allegations of paragraphs 35 of Plaintiffs' Complaint.

### IV.

### CAUSES OF ACTION

### Count I—42 U.C.A. Sec. 1983

### Violation of Fourth Amendment Rights

36.    Answering Defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-35 hereinabove as if the same were specifically set out hereinbelow.

37.    Answering Defendants admit they were acting within the course and scope of their employment, under color of state law and in accordance with state and federal law.  Answering defendants deny the remaining allegations of paragraph 37 of Plaintiffs' Complaint.

38.    Answering Defendants would state that the Fourth Amendment to the United States Constitution speaks for itself. Answering Defendants deny the remaining allegations of paragraph 38 of Plaintiffs' Complaint, as stated.

39. Answering Defendants deny the allegations of paragraph 39 of Plaintiffs' Complaint.

40. Answering Defendants deny the allegations of paragraph 40 of Plaintiffs' Complaint.

41. Answering Defendants deny the allegations of paragraph 41 of Plaintiffs' Complaint.

42. Answering Defendants deny the allegations of paragraph 42 of Plaintiffs' Complaint.

43. Answering Defendants deny the allegations of paragraph 43 of Plaintiffs' Complaint.

## Count II

### 42 U.C.A. Sec. 1983

### Violation of Fourteenth Amendment Rights

44. Answering Defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-43 hereinabove as if the same were specifically set out hereinbelow.

45. Answering Defendants admit they were acting within the course and scope of their employment, under color of state law and in accordance with state and federal law. Answering defendants deny the remaining allegations of paragraph 45 of Plaintiffs' Complaint.

46. Answering Defendants would state that the Fourteenth Amendment to the United States Constitution speaks for itself. Nevertheless, Answering Defendants admit the Fourteenth Amendment applies to a pretrial detainee's right to medical care.

47. Answering Defendants deny the allegations of paragraph 47 of Plaintiffs' Complaint.

48. Answering Defendants deny the allegations of paragraph 48 of Plaintiffs' Complaint.

49. Answering Defendants deny the allegations of paragraph 49 of Plaintiffs' Complaint.

## Count III

## State Law Claim: Negligence

50. Answering Defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-50 hereinabove as if the same were specifically set out hereinbelow.

51. Answering Defendants deny the allegations of paragraph 51 of Plaintiffs' Complaint, as stated.

52. Answering Defendants deny the allegations of paragraph 52 of Plaintiffs' Complaint.

53. Answering Defendants deny the allegations of paragraph 53 of Plaintiffs' Complaint.

54. Answering Defendants deny the allegations of paragraph 54 of Plaintiffs' Complaint.

55. Answering Defendants deny the allegations of paragraph 55 of Plaintiffs' Complaint.

56. Answering Defendants deny the allegations of paragraph 56 of Plaintiffs' Complaint.

## Count IV

## State Law Claim: Gross Negligence

57. Answering Defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-56 hereinabove as if the same were specifically set out hereinbelow.

58. Answering Defendants deny the allegations of paragraph 58 of Plaintiffs' Complaint.

59. Answering Defendants deny the allegations of paragraph 59 of Plaintiffs' Complaint.

60. Answering Defendants deny the allegations of paragraph 60 of Plaintiffs' Complaint.

## V.

## DAMAGES

61. Answering Defendants deny the allegations of paragraph 61 of Plaintiffs' Complaint and would affirmatively aver that Plaintiffs are not entitled to any relief whatsoever.

**EIGHTH DEFENSE**

Answering Defendants are protected by and invoke all the immunities granted them by judicial, common law, and statutory sovereign immunity.

**NINTH DEFENSE**

Answering Defendants aver that they have met or exceeded the requirements of law and due care, and that they are guilty of no acts or omissions which either caused or contributed to the incidents in question.

**TENTH DEFENSE**

Answering Defendants allege Plaintiffs' claims may be barred by, and Answering Defendants affirmatively plead: accord and satisfaction, failure to mitigate, lack of standing, arbitration and award, assumption of risk, superseding and intervening cause, contributory negligence, discharge in bankruptcy, superseding and intervening cause, duress, failure of consideration, fraud, illegality, injury by fellow servant, license, payment, release and/or estoppel, res judicata, statute of limitations, statute of fraud, abstention and any other matter constituting an avoidance or affirmative defense available to Answering Defendants.

**ELEVENTH DEFENSE**

Plaintiffs are not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned. Additionally, Answering Defendants would affirmatively state that Plaintiffs are not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the

13

Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

a.      The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

b.      The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

c.      The procedures fail to provide a limit on the amount of the award against the defendant.

d.      The procedures fail to provide specific standards for the amount of the award of punitive damages.

e.      The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

f.      The procedures permit multiple awards of punitive damages for the same alleged act.

g.      The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

h.      The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

i.      The standard of conduct upon which punitive damages are sought is vague.

14

## TWELFTH DEFENSE

Answering Defendants would state that at all times material to the allegations of the Complaint, their actions were in good faith and without malice.

## THIRTEENTH DEFENSE

Answering Defendants would state that Plaintiffs' Complaint fails to meet federal pleading standards and must be dismissed. Specifically, Plaintiffs' Complaint is a shotgun pleading that runs afoul of Rule 8 of the Federal Rules of Civil Procedure as well as pleading rules espoused in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## FOURTEENTH DEFENSE

Any allegations contained in Plaintiffs' Complaint, which are not specifically admitted, are hereby denied.

## FIFTEENTH DEFENSE

Answering Defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having fully answered the allegations of Plaintiffs' Complaint, Sheriff Travis Patten, Chief Stanley Searcy, Lieutenant Charles Clemons, Master Sergeant Brenda Russell, and Jailer Sharta Tyms request the Court dismiss Plaintiffs' Complaint and discharge the same with costs assessed against Plaintiffs.

**DATE:        March 21, 2025.**

15

Respectfully submitted,

**SHERIFF TRAVIS PATTEN, CHIEF STANLEY SEARCY, LIEUTENANT CHARLES CLEMONS, MASTER SERGAENT BRENDA RUSSELL, AND JAILER SHARTA TYMS, IN THEIR INDIVIDUAL CAPACITIES**

BY:    /s/*William R. Allen*
        One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Butler Snow, LLP
1020 Highland Colony Pkwy
Suite 1400
Ridgeland, MS 39157
Tel. 601-948-5711
Fax 601-985-4500
will.allen@butlersnow.com
lance.martin@butlersnow.com

16

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned of Butler Snow LLP, one of the attorneys for Sheriff Travis Patten, Chief Stanley Searcy, Lieutenant Charles Clemons, Master Sergeant Brenda Russell, and Jailer Sharta Tyms hereby certify that on this day, I electronically filed the foregoing Answer and Affirmative Defenses to Plaintiffs' Complaint with the Clerk of the Court using the ECF system, which shall give notice to all counsel of record including:

> Eric Dillon, Esq.
> ERIC DILLON LAW FIRM, PLLC
> 216 West Jackson Street
> Ridgeland, Mississippi 39157
> eric@ericdillonlawfirm.com
>
> Jonathan P. Barrett, Esq.
> BARRETT LAW, PLLC
> 121 Colony Crossing, Suite D
> Madison, Mississippi 39110
> jpb@barrettlawms.com
> *Attorneys for Plaintiff*

The 21st day of March 2025.


/s/*William R. Allen*
OF COUNSEL

92912186.v1

17