**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

RUSSELL HANDJIS, INDIVIDUALLY, AND ON BEHALF
OF THE WRONGFUL DEATH BENEFICIARIES OF
LACEY ROBINETTE HANDJIS; AND
SHERRY HANDJIS, ON BEHALF OF JACK HANDJIS
AND TYLER HANDJIS, MINOR CHILDREN OF
LACEY ROBINETTE HANDJIS                                             **PLAINTIFFS**

**V.**                                       **CAUSE NO. 5:25-cv-00005-KS-BWR**

ADAMS COUNTY, MISSISSIPPI; ADAMS COUNTY
MISSISSIPPI SHERIFF'S DEPARTMENT; SHERIFF
TRAVIS PATTEN; CHIEF STANLEY SEARCY;
LIEUTENANT CHARLES CLEMONS; MASTER
SERGEANT BRENDA RUSSELL; JAILER
SHARTA TYMS; OFFICER WANILA WILLIAMS;
OFFICER VATISHA COLLINS; OFFICER CLEOPHUS
ROBINSON; CORPORAL MICHAEL KRACEK;
JOHN DOES 1-5; AND ABC CORPS. 6-10                                **DEFENDANTS**

**ADAMS COUNTY, MISSISSIPPI, ADAMS
COUNTY MISSISSIPPI SHERIFF'S DEPARTMENT, SHERIFF
TRAVIS PATTEN, AND CHIEF STANLEY SEARCY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Adams County, Mississippi, Adams County Mississippi Sheriff's Department[1],

Sheriff Travis Patten, and Chief Stanley Searcy (together "Answering Defendants"), by

and through counsel, submit their Answer and Affirmative Defenses to Plaintiffs' First

Amended Complaint [23] as follows:

---

[1] Mississippi sheriff's departments are not independent legal entities amenable to suit. *See*, *e.g.*, *Jones v. Browning*, No. 2:19-cv-118-KS-MTP, 2020 WL 265210, at *4 (S.D. Miss. Jan. 17, 2020) (citing *Shead v. Washington County Correctional Facility*, 2019 WL 2169179, at *1 (N.D. Miss. May 17, 2019)) (sheriff's departments are not subject to 42 U.S.C. § 1983 claims*); see also D.M. v. Forrest Cnty. Sheriff's Dep't*, No. 2:20-cv-48-KS-JCG, 2020 WL 4873486, at *8 (S.D. Miss. Aug. 19, 2020) (citing *Brown v. Thompson*, 927 So.2d 733, 737 (Miss. 2006)) (sheriff's departments are not subject to claims under the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, *et seq.*).

**FIRST DEFENSE**

Plaintiffs' First Amended Complaint fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the Court should dismiss the same.

**SECOND DEFENSE**

Plaintiffs' First Amended Complaint fails to state facts against Answering Defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

**THIRD DEFENSE**

Answering Defendants specifically assert and invoke all defenses available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

**FOURTH DEFENSE**

Sheriff Travis Patten and Chief Stanley Searcy are entitled to qualified immunity in this matter. More specifically, Sheriff Patten and Chief Searcy affirmatively aver that Plaintiffs' First Amended Complaint fails to allege a violation of a clearly established constitutional right, and that, at all times, their conduct was objectively reasonable.

**FIFTH DEFENSE**

Insofar as any state law claims are concerned, Answering Defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, *et seq.*, including, but not limited to,

the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

## SIXTH DEFENSE

Answering Defendants deny that they have been guilty of any actionable conduct.

## SEVENTH DEFENSE

## ADMISSIONS AND DENIALS

And now without waiving any defenses heretofore or hereinafter set forth, Answering Defendants respond to Plaintiffs' First Amended Complaint, paragraph-by-paragraph as follows:

## FIRST AMENDED COMPLAINT
### (Jury Trial Requested)[2]

## I.

## PARTIES

1.   Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 1 of Plaintiffs' First Amended Complaint and, as such, deny the same.

2.   Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 2 of Plaintiffs' First Amended Complaint and, as such, deny the same.

---

[2] Plaintiffs' state law claims for negligence (Count II) and gross negligence (Count III) must be tried by a judge of this Court "without a jury[.]" Miss. Code Ann. § 11-46-13(1).

3.      Answering Defendants admit Adams County, Mississippi, is a political subdivision of the State of Mississippi, subject to the MTCA, and that it may be served with process pursuant to the MTCA and Rule 4 of the Federal Rules of Civil Procedure. Answering Defendants deny the remaining allegations of paragraph 3 of Plaintiffs' First Amended Complaint.

4.      Answering Defendants deny the allegations of paragraph 4 of Plaintiffs' First Amended Complaint. *See* n.1 *supra*.

5.      Answering Defendants admit Sheriff Travis Patten is the duly elected Sheriff of Adams County, and that he may be served with process pursuant to the MTCA and Rule 4 of the Federal Rules of Civil Procedure. Answering Defendants deny the remaining allegations of paragraph 5 of Plaintiffs' First Amended Complaint.

6.      Answering Defendants admit Chief Stanley Searcy is employed by Adams County, Mississippi, and that he may be served with process pursuant to the MTCA and Rule 4 of the Federal Rules of Civil Procedure. Answering Defendants deny the remaining allegations of paragraph 6 of Plaintiffs' First Amended Complaint, as stated.

7.      Lieutenant Charles Clemons has been voluntarily dismissed from this matter without prejudice, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 7 of Plaintiffs' First Amended Complaint.

8.      Master Sergeant Brenda Russell has been voluntarily dismissed from this matter without prejudice, so no response is required. To the extent the Court requires a

4

response, Answering Defendants deny the allegations of paragraph 8 of Plaintiffs' First Amended Complaint.

9.      Jailer Sharta Tyms has been voluntarily dismissed from this matter without prejudice, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 9 of Plaintiffs' First Amended Complaint.

10.     The allegations of paragraph 10 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 10 of Plaintiffs' First Amended Complaint.

11.     The allegations of paragraph 11 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 11 of Plaintiffs' First Amended Complaint.

12.     The allegations of paragraph 12 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 12 of Plaintiffs' First Amended Complaint.

13.     The allegations of paragraph 13 of Plaintiffs' First Amended Complaint concern unknown or fictitious defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 13 of Plaintiffs' First Amended Complaint.

14.     The allegations of paragraph 14 of Plaintiffs' First Amended Complaint concern unknown or fictitious defendants other than Answering Defendants and, as such, a response is not necessary. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 14 of Plaintiffs' First Amended Complaint.

## II.

## JURISDICTION AND VENUE

15.     Without waiving any limitations, restrictions, immunities, or defenses, Answering Defendants admit this Court has jurisdiction over claims for violations of the United States Constitution and federal law. Answering Defendants also admit this Court has supplemental jurisdiction over state law claims, but further admit the Court may decline such supplemental jurisdiction under certain circumstances. *See* 28 U.S.C. § 1367(c).

16.     Without waiving any limitations, restrictions, immunities, or defenses, Answering Defendants admit this Court is the proper venue for Plaintiffs' claims for violations of the United States Constitution and federal law. Answering Defendants deny the remaining allegations of paragraph 16 of Plaintiffs' First Amended Complaint.

## III.

## FACTS

17.     The allegations of paragraph 17 of Plaintiffs' First Amended Complaint do not require a response. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 17 of Plaintiffs' First Amended Complaint.

18.     Answering Defendants admit Lacey Robinette Handjis ("Decedent") was held in the Adams County Jail on a mental health order[3] beginning at approximately 2:20 PM on August 28, 2023, and that she died while in custody at approximately 4:40 AM on the morning of August 29, 2023. Answering defendants lack information sufficient to determine the truth of the remaining allegations of paragraph 18 of Plaintiff's First Amended Complaint, as stated, and, as such, deny the same.

19.     Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 19 of Plaintiffs' First Amended Complaint and, as such, deny the same, as stated.

20.     Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 20 of Plaintiffs' First Amended Complaint and, as such, deny the same, as stated.

21.     Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 21 of Plaintiffs' First Amended Complaint as stated and, as such, deny the same.

22.     Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 22 of Plaintiffs' First Amended Complaint and, as such, deny the same, as stated.

---

[3] Plaintiffs attached an Adams County Chancery Court Order to Hold to their First Amended Complaint as "Exhibit A" [23-1]. Answering Defendants aver the Order speaks for itself.

7

23.     Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 23 of Plaintiffs' First Amended Complaint and, as such, deny the same, as stated.

24.     Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 24 of Plaintiffs' First Amended Complaint and, as such, deny the same, as stated.

25.     Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 25 of Plaintiffs' First Amended Complaint and, as such, deny the same, as stated.

26.     Answering Defendants lack information sufficient to determine the truth of the allegations of paragraph 26 of Plaintiffs' First Amended Complaint as stated and, as such, deny the same.

27.     Answering Defendants admit that on August 28, 2023, L. Jackson Lazarus, a Special Master for the Adams County Chancery Court, entered an Order to hold Decedent for a commitment hearing, scheduled for the following day--August 29, 2023, at 3:30 PM. Answering Defendants lack information sufficient to determine the truth of the remaining allegations of paragraph 27 of Plaintiffs' First Amended Complaint and, as such, deny the same, as stated.

28.     Answering Defendants admit Decedent was held in the Adams County Jail pursuant to an Adams County Chancery Court Order to Hold. Answering Defendants deny the remaining allegations of paragraph 28 of Plaintiffs' First Amended Complaint, as stated.

29.     Answering Defendants admit Decedent was transported to the Adams County Jail and held pursuant to an Adams County Chancery Court Order to Hold. Answering defendants lack information sufficient to determine the truth of the remaining allegations of paragraph 29 of Plaintiffs' First Amended Complaint, as stated, and, as such, deny the same.

30.     Answering Defendants admit officers processed Decedent for holding in the Adams County Jail, and further aver Plaintiffs' "Exhibit B" [23-2] speaks for itself. Answering Defendants deny the remaining allegations of paragraph 30 of Plaintiffs' First Amended Complaint, as stated.

31.     Answering Defendants admit they produced extensive amounts of audio and video footage in this matter that documents Decedent's time in the Adams County Jail, and that the video footage is time-stamped in twenty-four (24) hour format ("Military Time"). Answering Defendants deny the remaining allegations of paragraph 31 of Plaintiffs' First Amended Complaint, as stated.

32.     Answering Defendants deny the allegations of paragraph 32 of Plaintiffs' First Amended Complaint, as stated.

33.     Answering Defendants deny the allegations of paragraph 33 of Plaintiffs' First Amended Complaint, as stated.

34.     Answering Defendants aver the audio and video footage around 15:20 (3:20 PM) speaks for itself. Answering Defendants deny the allegations of paragraph 34 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or

9

otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

35.    Answering Defendants aver the audio and video footage around 15:43 (3:43 PM) speaks for itself. Answering Defendants deny the allegations of paragraph 35 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

36.    Answering Defendants aver the audio and video footage around 16:33 (4:33 PM) speaks for itself. Answering Defendants deny the allegations of paragraph 36 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

37.    Answering Defendants aver the audio and video footage around 16:33 (4:33 PM) speaks for itself. Answering Defendants deny the allegations of paragraph 37 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

38.    Answering Defendants aver the audio and video footage around 17:03 (5:03 PM) speaks for itself. Answering Defendants deny the allegations of paragraph 38 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

39.    Answering Defendants aver the audio and video footage around 20:42 (8:42 PM) speaks for itself. Answering Defendants deny the allegations of paragraph 39 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

40.    The allegations of paragraph 40 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around 20:42 (8:42 PM) speaks for itself, and Answering Defendants deny the allegations of paragraph 40 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

41.    The allegations of paragraph 41 of Plaintiffs' First Amended Complaint concern a defendant that has been voluntarily dismissed from this case, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around 21:42 (9:42 PM) speaks for itself, and Answering Defendants deny the allegations of paragraph 41 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

42.    The allegations of paragraph 42 of Plaintiffs' First Amended Complaint concern a defendant that has been voluntarily dismissed from this case, so no response is required. To the extent the Court requires a response, Answering Defendants aver the

audio and video footage around 22:13 (10:13 PM) speaks for itself, and Answering Defendants deny the allegations of paragraph 41 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

43.     Answering Defendants admit Decedent voluntarily drank water while in the holding cell. Answering Defendants deny the remaining allegations of paragraph 43 of Plaintiffs' First Amended Complaint, as stated.

44.     The allegations of paragraph 44 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around the times referred to in paragraph 44 of Plaintiffs' First Amended Complaint speaks for itself, and Answering Defendants deny the allegations of paragraph 44 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the times stated.

45.     Answering Defendants aver the audio and video footage around 22:22-22:23 (10:22-10:23 PM) speaks for itself. Answering Defendants deny the allegations of paragraph 45 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the times stated.

46.     The allegations of paragraph 46 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To

12

the extent the Court requires a response, Answering Defendants aver the audio and video footage around the time referred to in paragraph 46 of Plaintiffs' First Amended Complaint speaks for itself, and Answering Defendants deny the allegations of paragraph 46 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

47. The allegations of paragraph 47 of Plaintiffs' First Amended Complaint concern defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around the times referred to in paragraph 47 of Plaintiffs' First Amended Complaint speaks for itself, and Answering Defendants deny the allegations of paragraph 47 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the times stated.

48. The allegations of paragraph 48 of Plaintiffs' First Amended Complaint concern defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around the times referred to in paragraph 48 of Plaintiffs' First Amended Complaint speaks for itself, and Answering Defendants deny the allegations of paragraph 48 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the times stated.

49.     The allegations of paragraph 49 of Plaintiffs' First Amended Complaint concern defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around the times referred to in paragraph 49 of Plaintiffs' First Amended Complaint speaks for itself, and Answering Defendants deny the allegations of paragraph 49 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the times stated.

50.     The allegations of paragraph 50 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around the time referred to in paragraph 50 of Plaintiffs' First Amended Complaint speaks for itself, and Answering Defendants deny the allegations of paragraph 50 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated. Answering Defendants further deny the allegations of paragraph 50 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

51.     Answering Defendants aver the audio and video footage around 22:48 (10:48 PM) speaks for itself. Answering Defendants deny the allegations of paragraph 51 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around

the time stated, and further deny the allegations of paragraph 51 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

52. The allegations of paragraph 52 of Plaintiffs' First Amended Complaint concern a defendant that has been voluntarily dismissed from this case, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around 22:49 (10:49 PM) speaks for itself, and Answering Defendants deny the allegations of paragraph 52 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

53. Answering Defendants aver the audio and video footage around 22:52 (10:52 PM) speaks for itself. Answering Defendants deny the allegations of paragraph 53 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

54. The allegations of paragraph 54 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 54 of Plaintiffs' First Amended Complaint, as stated.

55. Answering Defendants aver the audio and video footage around 22:54 (10:54 PM) speaks for itself. Answering Defendants deny the allegations of paragraph 55 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around

15

the time stated, and further deny the allegations of paragraph 55 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

56.     The allegations of paragraph 56 of Plaintiffs' First Amended Complaint concern defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 56 of Plaintiffs' First Amended Complaint, as stated.

57.     Answering Defendants aver the audio and video footage around 22:54 (10:54 PM) speaks for itself. Answering Defendants deny the allegations of paragraph 57 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 57 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

58.     The allegations of paragraph 58 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around 22:55 (10:55 PM) speaks for itself, and Answering Defendants deny the allegations of paragraph 58 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated. Answering Defendants further deny the allegations of paragraph 58 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

59.     Answering Defendants admit Decedent continued to voluntarily drink water while in the holding cell. Answering Defendants deny the remaining allegations of paragraph 59 of Plaintiffs' First Amended Complaint, as stated.

60.     Answering Defendants aver the audio and video footage around 22:57 (10:57 PM) speaks for itself. Answering Defendants deny the allegations of paragraph 60 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 60 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

61.     The allegations of paragraph 61 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around 22:59 (10:59 PM) speaks for itself, and Answering Defendants deny the allegations of paragraph 61 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

62.     The allegations of paragraph 62 of Plaintiffs' First Amended Complaint concern defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around 23:00 (11:00 PM) speaks for itself, and Answering Defendants deny the allegations of paragraph 62 of Plaintiffs' First Amended Complaint to the extent the

17

allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

63. The allegations of paragraph 63 of Plaintiffs' First Amended Complaint concern defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 63 of Plaintiffs' First Amended Complaint.

64. The allegations of paragraph 64 of Plaintiffs' First Amended Complaint concern defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 64 of Plaintiffs' First Amended Complaint.

65. Answering Defendants aver the audio and video footage around 23:17 (11:17 PM) speaks for itself. Answering Defendants deny the allegations of paragraph 65 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

66. The allegations of paragraph 66 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around 23:21 (11:21 PM) speaks for itself, and Answering Defendants deny the allegations of paragraph 66 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated. Answering Defendants further deny the

18

allegations of paragraph 66 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

67. The allegations of paragraph 67 of Plaintiffs' First Amended Complaint do not require a response. To the extent the Court requires a response, Answering Defendants admit Plaintiffs filed an "Exhibit F" to their First Amended Complaint, but deny the allegations of paragraph 67 of Plaintiffs' First Amended Complaint that refer to the same, specifically repeating and incorporating by reference each and every defense, admission, and denial to paragraphs 57 through 71 hereinabove as applied to Plaintiffs' "Exhibit F."

68. Answering Defendants aver the audio and video footage around 23:26 (11:26 PM) speaks for itself. Answering Defendants deny the allegations of paragraph 68 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

69. The allegations of paragraph 69 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around 23:28 (11:28 PM) speaks for itself, and Answering Defendants deny the allegations of paragraph 69 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated. Answering Defendants further deny the

19

allegations of paragraph 69 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

70.     The allegations of paragraph 70 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around 23:29 (11:29 PM) speaks for itself, and Answering Defendants deny the allegations of paragraph 70 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated. Answering Defendants further deny the allegations of paragraph 70 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

71.     Answering Defendants deny the allegations of paragraph 71 of Plaintiffs' First Amended Complaint.

72.     Answering Defendants aver the audio and video footage around 23:32 (11:32 PM) speaks for itself. Answering Defendants deny the allegations of paragraph 72 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 72 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

73.     The allegations of paragraph 73 of Plaintiffs' First Amended Complaint concern defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video

footage around 23:32 (11:32 PM) speaks for itself, and Answering Defendants deny the allegations of paragraph 73 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated. Answering Defendants further deny the allegations of paragraph 73 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

74. The allegations of paragraph 74 of Plaintiffs' First Amended Complaint concern defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around 23:35 (11:35 PM) speaks for itself, and Answering Defendants deny the allegations of paragraph 74 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated. Answering Defendants further deny the allegations of paragraph 74 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

75. Answering Defendants aver the audio and video footage around 23:37 (11:37 PM) speaks for itself. Answering Defendants deny the allegations of paragraph 75 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 75 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

76. The allegations of paragraph 76 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around 23:40 (11:40 PM) speaks for itself, and Answering Defendants deny the allegations of paragraph 76 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

77. Answering Defendants aver the audio and video footage around 23:47 (11:47 PM) speaks for itself. Answering Defendants deny the allegations of paragraph 77 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 77 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

78. The allegations of paragraph 78 of Plaintiffs' First Amended Complaint concern defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around the times referred to in paragraph 78 of Plaintiffs' First Amended Complaint speaks for itself, and Answering Defendants deny the allegations of paragraph 78 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated. Answering Defendants further deny the allegations of paragraph

78 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

79.    The allegations of paragraph 79 of Plaintiffs' First Amended Complaint concern defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around the time referred to in paragraph 79 of Plaintiffs' First Amended Complaint speaks for itself, and Answering Defendants deny the allegations of paragraph 79 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated. Answering Defendants further deny the allegations of paragraph 79 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

80.    Answering Defendants aver the audio and video footage around 23:51 (11:51 PM) speaks for itself. Answering Defendants deny the allegations of paragraph 80 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 80 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

81.    Answering Defendants aver the audio and video footage around 23:56 (11:56 PM) speaks for itself. Answering Defendants deny the allegations of paragraph 81 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around

23

the time stated, and further deny the allegations of paragraph 81 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

82. The allegations of paragraph 82 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around the time referred to in paragraph 82 of Plaintiffs' First Amended Complaint speaks for itself, and Answering Defendants deny the allegations of paragraph 82 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

83. Answering Defendants aver the audio and video footage around 00:00 (12:00 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 83 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 83 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

84. Answering Defendants aver the audio and video footage around 00:29 (12:29 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 84 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 84 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

24

85.     Answering Defendants aver the audio and video footage around 00:31 (12:31 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 85 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 85 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

86.     Answering Defendants aver the audio and video footage around 00:32 (12:32 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 85 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 85 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

87.     Answering Defendants aver the audio and video footage around 00:33 (12:33 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 87 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 87 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

88.     Answering Defendants aver the audio and video footage around 00:34 (12:34 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 88 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around

the time stated, and further deny the allegations of paragraph 88 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

89. Answering Defendants aver the audio and video footage around 00:36 (12:36 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 89 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 89 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

90. Answering Defendants aver the audio and video footage around 00:40 (12:40 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 90 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 90 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

91. Answering Defendants aver the audio and video footage around 00:42 (12:42 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 91 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 91 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

92. Answering Defendants aver the audio and video footage around 00:43 (12:43 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 92

26

of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 92 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

93. Answering Defendants aver the audio and video footage around 00:51 (12:51 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 93 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 93 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

94. Answering Defendants aver the audio and video footage around 00:53 (12:53 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 94 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 94 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

95. Answering Defendants aver the audio and video footage around 00:54 (12:54 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 95 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 95 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

96.    The allegations of paragraph 96 of Plaintiffs' First Amended Complaint concern defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around the time referred to in paragraph 96 of Plaintiffs' First Amended Complaint speaks for itself, and Answering Defendants deny the allegations of paragraph 96 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated. Answering Defendants further deny the allegations of paragraph 96 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

97.    Answering Defendants aver the audio and video footage around 00:58 (12:58 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 97 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 97 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

98.    The allegations of paragraph 98 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around the time referred to in paragraph 98 of Plaintiffs' First Amended Complaint speaks for itself, and Answering Defendants deny the allegations of paragraph 98 of Plaintiffs' First Amended Complaint to the extent the allegations do not

match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

99.   Answering Defendants aver the audio and video footage around 01:05 (1:05 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 99 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 99 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

100.  Answering Defendants aver the audio and video footage around 01:07 (1:07 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 100 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 100 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

101.  Answering Defendants aver the audio and video footage around 01:10 (1:10 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 101 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 101 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

102.  Answering Defendants aver the audio and video footage around 01:13 (1:13 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 102 of

Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 102 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

103. Answering Defendants aver the audio and video footage around 01:14 (1:14 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 103 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 103 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

104. Answering Defendants aver the audio and video footage around 01:14 (1:14 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 104 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 104 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

105. Answering Defendants aver the audio and video footage around 01:18 (1:18 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 105 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 105 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

106. The allegations of paragraph 106 of Plaintiffs' First Amended Complaint concern defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around the time referred to in paragraph 106 of Plaintiffs' First Amended Complaint speaks for itself, and Answering Defendants deny the allegations of paragraph 106 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

107. The allegations of paragraph 107 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around the time referred to in paragraph 107 of Plaintiffs' First Amended Complaint speaks for itself, and Answering Defendants deny the allegations of paragraph 107 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

108. Answering Defendants aver the audio and video footage around 01:24 (1:24 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 108 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 108 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

109.    Answering Defendants aver the audio and video footage around 01:28 (1:28 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 109 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 109 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

110.    Answering Defendants aver the audio and video footage around 01:28 (1:28 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 110 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 110 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

111.    The allegations of paragraph 111 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around the time referred to in paragraph 111 of Plaintiffs' First Amended Complaint speaks for itself, and Answering Defendants deny the allegations of paragraph 111 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

112.    Answering Defendants aver the audio and video footage around 01:30 (1:30 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 112 of

Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 112 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

113.   Answering Defendants aver the audio and video footage around 01:33 (1:33 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 113 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 113 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

114.   Answering Defendants aver the audio and video footage around 01:38 (1:38 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 114 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, and further deny the allegations of paragraph 114 of Plaintiffs' First Amended Complaint to the extent they involve Decedent's subjective state of mind.

115.   The allegations of paragraph 115 of Plaintiffs' First Amended Complaint concern defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around the time referred to in paragraph 115 of Plaintiffs' First Amended Complaint speaks for itself, and Answering Defendants deny the allegations of paragraph 115 of Plaintiffs' First Amended Complaint to the extent the allegations do not

33

match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

116.    The allegations of paragraph 116 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around the time referred to in paragraph 116 of Plaintiffs' First Amended Complaint speaks for itself, and Answering Defendants deny the allegations of paragraph 116 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

As for Plaintiffs' "Exhibit G," Answering Defendants admit Plaintiffs filed the same with their First Amended Complaint, but deny the allegations of paragraph 116 of Plaintiffs' First Amended Complaint that refer to the same, specifically repeating and incorporating by reference each and every defense, admission, and denial to paragraphs 17 through 116 hereinabove as applied to Plaintiffs' "Exhibit G."

117.    The allegations of paragraph 117 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 117 of Plaintiffs' First Amended Complaint, as stated.

118.    The allegations of paragraph 118 of Plaintiffs' First Amended Complaint concern defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video

footage around the time referred to in paragraph 118 of Plaintiffs' First Amended Complaint speaks for itself, and Answering Defendants deny the allegations of paragraph 118 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

119.    The allegations of paragraph 119 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around the time referred to in paragraph 119 of Plaintiffs' First Amended Complaint speaks for itself, and Answering Defendants deny the allegations of paragraph 119 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

120.    The allegations of paragraph 120 of Plaintiffs' First Amended Complaint concern defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants aver the audio and video footage around the time referred to in paragraph 120 of Plaintiffs' First Amended Complaint speaks for itself, and Answering Defendants deny the allegations of paragraph 120 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated.

121.   Answering Defendants aver the audio and video footage around 03:27 (3:27 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 121 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, particularly to the extent the allegations constitute medical assessments or conclusions.

122.   Answering Defendants aver the audio and video footage around 03:37 (3:37 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 122 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, particularly to the extent the allegations constitute medical assessments or conclusions.

123.   Answering Defendants aver the audio and video footage around 03:47 (3:47 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 123 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, particularly to the extent the allegations constitute medical assessments or conclusions.

124.   Answering Defendants aver the audio and video footage around 04:08 (4:08 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 124 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around

the time stated, particularly to the extent the allegations constitute medical assessments or conclusions.

125.    Answering Defendants aver the audio and video footage around 04:30 (4:30 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 125 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, particularly to the extent the allegations constitute medical assessments or conclusions.

126.    Answering Defendants aver the audio and video footage around 04:25 (4:25 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 126 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, particularly to the extent the allegations constitute medical assessments or conclusions.

127.    The allegations of paragraph 127 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 127 of Plaintiffs' First Amended Complaint, as stated.

128.    Answering Defendants aver the audio and video footage around 06:26 (6:26 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 128 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around

the time stated, particularly to the extent the allegations constitute medical assessments or conclusions.

129. Answering Defendants aver the audio and video footage around 06:49 (6:49 AM) speaks for itself. Answering Defendants deny the allegations of paragraph 129 of Plaintiffs' First Amended Complaint to the extent the allegations do not match or otherwise mischaracterize what is heard or seen on the audio or video footage around the time stated, particularly to the extent the allegations constitute medical assessments or conclusions.

130. Answering Defendants admit Decedent died while in custody, and that her body was discovered on the morning of August 29, 2023. Answering Defendants deny the remaining allegations of paragraph 130 of Plaintiffs' First Amended Complaint, as stated.

131. Answering Defendants aver the September 7, 2023, toxicology report speaks for itself. The remaining allegations of paragraph 131 of Plaintiffs' First Amended Complaint contain medical assessments and conclusions and, as such, Answering Defendants deny the same. Answering Defendants further reserve the right to challenge the allegations of paragraph 131 of Plaintiffs' First Amended Complaint with medical experts.

132. Answering Defendants aver the Mississippi Crime Lab's autopsy report speaks for itself. The remaining allegations of paragraph 132 of Plaintiffs' First Amended Complaint contain medical assessments, conclusions, and diagnoses and, as such, Answering Defendants deny the same, as stated. Answering Defendants further reserve

the right to challenge the allegations of paragraph 132 of Plaintiffs' First Amended Complaint with medical experts.

133.    Answering Defendants aver the independent autopsy report attached to Plaintiffs' First Amended Complaint as "Exhibit H" [23-3] speaks for itself. The remaining allegations of paragraph 133 of Plaintiffs' First Amended Complaint contain medical assessments, conclusions, and diagnoses and, as such, Answering Defendants deny the same, as stated. Answering Defendants further reserve the right to challenge the allegations of paragraph 133 of Plaintiffs' First Amended Complaint with medical experts.

134.    The allegations of paragraph 134 of Plaintiffs' First Amended Complaint contain medical assessments, conclusions, and diagnoses and, as such, Answering Defendants deny the same, as stated. Answering Defendants further reserve the right to challenge the allegations of paragraph 134 of Plaintiffs' First Amended Complaint with medical experts.

135.    Answering Defendants deny the allegations of paragraph 135 of Plaintiffs' First Amended Complaint, as stated.

136.    Answering Defendants admit that the Adams County Sheriff's Department promptly and thoroughly investigated Decedent's death. Answering Defendants deny the remaining allegations of paragraph 136 of Plaintiffs' First Amended Complaint, as stated.

137.    The allegations of paragraph 137 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To

the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 137 of Plaintiffs' First Amended Complaint, as stated.

138.    The allegations of paragraph 138 of Plaintiffs' First Amended Complaint concerns defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 138 of Plaintiffs' First Amended Complaint, as stated.

139.    The allegations of paragraph 139 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 139 of Plaintiffs' First Amended Complaint, as stated.

140.    The allegations of paragraph 140 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 140 of Plaintiffs' First Amended Complaint, as stated.

141.    The allegations of paragraph 141 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 141 of Plaintiffs' First Amended Complaint, as stated.

142.    The allegations of paragraph 142 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 142 of Plaintiffs' First Amended Complaint, as stated.

143.    The allegations of paragraph 143 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 143 of Plaintiffs' First Amended Complaint, as stated.

144.    The allegations of paragraph 144 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 144 of Plaintiffs' First Amended Complaint, as stated.

145.    The allegations of paragraph 145 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 145 of Plaintiffs' First Amended Complaint, as stated.

146.    The allegations of paragraph 146 of Plaintiffs' First Amended Complaint contain legal conclusions and, as such, Answering Defendants deny the same.

147.    Answering Defendants aver Plaintiff's "Exhibit L" [23-5] speaks for itself. Answering Defendants deny the remaining allegations of paragraph 147 of Plaintiffs' First Amended Complaint, as stated.

148.    Answering Defendants aver Plaintiff's "Exhibit L" [23-5] speaks for itself. Answering Defendants deny the remaining allegations of paragraph 148 of Plaintiffs' First Amended Complaint, as stated.

149. Answering Defendants aver Plaintiff's "Exhibit L" [23-5] speaks for itself. Answering Defendants deny the remaining allegations of paragraph 149 of Plaintiffs' First Amended Complaint, as stated.

150. Answering Defendants aver Plaintiff's "Exhibit L" [23-5] speaks for itself. Answering Defendants deny the remaining allegations of paragraph 150 of Plaintiffs' First Amended Complaint, as stated.

151. Answering Defendants aver Plaintiff's "Exhibit L" [23-5] speaks for itself. Answering Defendants deny the remaining allegations of paragraph 151 of Plaintiffs' First Amended Complaint, as stated.

152. Answering Defendants deny the allegations of paragraph 152 of Plaintiffs' First Amended Complaint, as stated.

153. Answering Defendants deny the allegations of paragraph 153 of Plaintiffs' First Amended Complaint.

154. Answering Defendants deny the allegations of paragraph 154 of Plaintiffs' First Amended Complaint.

**[INTENTIONALLY LEFT BLANK]**

## IV.

## CAUSES OF ACTION

### Count I – 42 U.C.A. Sec. 1983

### Violation of Fourteenth Amendment Rights

### A. Unconstitutional Conditions of Confinement

155.    Answering Defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-154 hereinabove as if the same were specifically set out hereinbelow.

156.    The allegations of paragraph 156 of Plaintiffs' First Amended Complaint contain legal conclusions and statements of law and, as such, Answering Defendants deny the allegations of paragraph 156 of Plaintiffs' First Amended Complaint, as stated.

157.    Answering Defendants deny the allegations of paragraph 157 of Plaintiffs' First Amended Complaint, as stated.

158.    Answering Defendants deny the allegations of paragraph 158 of Plaintiffs' First Amended Complaint, as stated.

159.    Answering Defendants deny the allegations of paragraph 159 of Plaintiffs' First Amended Complaint, as stated.

160.    Answering Defendants deny the allegations of paragraph 160 of Plaintiffs' First Amended Complaint.

161.    Answering Defendants deny the allegations of paragraph 161 of Plaintiffs' First Amended Complaint.

162.    Answering Defendants deny the allegations of paragraph 162 of Plaintiffs' First Amended Complaint, as stated.

163.    Answering Defendants deny the allegations of paragraph 163 of Plaintiffs' First Amended Complaint, as stated.

164.    Answering Defendants deny the allegations of paragraph 164 of Plaintiffs' First Amended Complaint, as stated.

165.    Answering Defendants deny the allegations of paragraph 165 of Plaintiffs' First Amended Complaint.

166.    Answering Defendants deny the allegations of paragraph 166 of Plaintiffs' First Amended Complaint.

### B.    Unconstitutional Episodic Acts or Omissions

167.    Answering Defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-166 hereinabove as if the same were specifically set out hereinbelow.

168.    The allegations of paragraph 168 of Plaintiffs' First Amended Complaint contain legal conclusions and statements of law and, as such, Answering Defendants deny the allegations of paragraph 168 of Plaintiffs' First Amended Complaint, as stated.

169.    The allegations of paragraph 169 of Plaintiffs' First Amended Complaint concern defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 169 of Plaintiffs' First Amended Complaint, as stated.

44

170.    The allegations of paragraph 170 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 170 of Plaintiffs' First Amended Complaint, as stated.

171.    The allegations of paragraph 171 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 171 of Plaintiffs' First Amended Complaint, as stated.

172.    The allegations of paragraph 172 of Plaintiffs' First Amended Complaint concern a defendant other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 172 of Plaintiffs' First Amended Complaint, as stated.

173.    The allegations of paragraph 173 of Plaintiffs' First Amended Complaint contain medical assessments, conclusions, and diagnoses, as well as legal conclusions, and, as such, Answering Defendants deny the same, as stated. Answering Defendants further reserve the right to challenge the allegations of paragraph 133 of Plaintiffs' First Amended Complaint with medical experts.

174.    The allegations of paragraph 174 of Plaintiffs' First Amended Complaint concern defendants other than Answering Defendants, so no response is required. To the extent the Court requires a response, Answering Defendants deny the allegations of paragraph 174 of Plaintiffs' First Amended Complaint, as stated.

## Count II

### State Law Claim: Negligence

175.     Answering Defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-174 hereinabove as if the same were specifically set out hereinbelow.

176.     Answering Defendants deny the allegations of paragraph 176 of Plaintiffs' First Amended Complaint, as stated.

177.     Answering Defendants deny the allegations of paragraph 177 of Plaintiffs' First Amended Complaint, as stated.

178.     Answering Defendants deny the allegations of paragraph 178 of Plaintiffs' First Amended Complaint, as stated.

## Count III

### State Law Claim: Gross Negligence

179.     Answering Defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-178 hereinabove as if the same were specifically set out hereinbelow.

180.     Answering Defendants deny the allegations of paragraph 180 of Plaintiffs' First Amended Complaint, as stated.

181.     Answering Defendants deny the allegations of paragraph 181 of Plaintiffs' First Amended Complaint, as stated.

182.     Answering Defendants deny the allegations of paragraph 182 of Plaintiffs' First Amended Complaint.

## IV.

## <u>DAMAGES</u>

183.    Answering Defendants deny the allegations of paragraph 183 of Plaintiffs' First Amended Complaint and affirmatively aver that Plaintiffs are not entitled to any relief whatsoever.

## <u>EIGHTH DEFENSE</u>

Answering Defendants are protected by and invoke all the immunities granted them by judicial, common law, and statutory sovereign immunity.

## <u>NINTH DEFENSE</u>

Answering Defendants aver that they have met or exceeded the requirements of law and due care, and that they are guilty of no acts or omissions which either caused or contributed to the incidents in question.

## <u>TENTH DEFENSE</u>

Answering Defendants allege Plaintiffs' claims may be barred by, and Answering Defendants affirmatively plead: accord and satisfaction, failure to mitigate, lack of standing, arbitration and award, assumption of risk, superseding and intervening cause, contributory negligence, discharge in bankruptcy, superseding and intervening cause, duress, failure of consideration, fraud, illegality, injury by fellow servant, license, payment, release and/or estoppel, res judicata, statute of limitations, statute of fraud, abstention and any other matter constituting an avoidance or affirmative defense available to Answering Defendants.

## ELEVENTH DEFENSE

Plaintiffs are not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned. Additionally, Answering Defendants would affirmatively state that Plaintiffs are not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

a.      The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

b.      The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

c.      The procedures fail to provide a limit on the amount of the award against the defendant.

d.      The procedures fail to provide specific standards for the amount of the award of punitive damages.

e.      The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

f.      The procedures permit multiple awards of punitive damages for the same alleged act.

g.      The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

h.      The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

i.      The standard of conduct upon which punitive damages are sought is vague.

## TWELFTH DEFENSE

Answering Defendants aver that at all times material to the allegations of the First Amended Complaint, their actions were in good faith and without malice.

## THIRTEENTH DEFENSE

Answering Defendants aver that Plaintiffs' First Amended Complaint fails to meet federal pleading standards and must be dismissed. Specifically, Plaintiffs' First Amended Complaint is a shotgun pleading that runs afoul of Rule 8 of the Federal Rules of Civil Procedure as well as pleading rules espoused in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## FOURTEENTH DEFENSE

Answering Defendants deny any allegations contained in Plaintiffs' First Amended Complaint, which they did not specifically admit herein.

## FIFTEENTH DEFENSE

Answering Defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having fully answered the allegations of Plaintiffs' First Amended Complaint [23], Adams County, Mississippi, Adams County Mississippi Sheriff's Department, Sheriff Travis Patten, and Chief Stanley Searcy request the Court dismiss Plaintiffs' First Amended Complaint and discharge the same with costs assessed against Plaintiffs.

**DATE:**        **June 27, 2025.**

Respectfully submitted,

**ADAMS COUNTY, MISSISSIPPI, ADAMS COUNTY MISSISSIPPI SHERIFF'S DEPARTMENT, SHERIFF TRAVIS PATTEN, AND CHIEF STANLEY SEARCY**

BY:    /s/ *Lance W. Martin*
            One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Butler Snow, LLP
1020 Highland Colony Pkwy, STE 1400
Ridgeland, MS 39157
Tel. 601-948-5711
Fax 601-985-4500
will.allen@butlersnow.com
lance.martin@butlersnow.com

50

## CERTIFICATE OF SERVICE

I, the undersigned of Butler Snow LLP, one of the attorneys for Adams County, Mississippi, Adams County Sheriff's Department, Sheriff Travis Patten, and Chief Stanley Searcy, hereby certify that on this day, I electronically filed the foregoing Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint with the Clerk of the Court using the ECF system, which shall give notice to all counsel of record including:

> Eric Dillon (MSB No. 100958))
> ERIC DILLON LAW FIRM, PLLC
> 216 West Jackson Street
> Ridgeland, Mississippi 39157
> 601.906.5336
> eric@ericdillonlawfirm.com
>
> Jonathan P. Barrett (MSB No. 102426)
> BARRETT LAW, PLLC
> 121 Colony Crossing, Suite D
> Madison, Mississippi 39110
> 601.790.1505
> jpb@barrettlawms.com
>           *Attorneys for Plaintiff*

The 27th day of June 2025.


                                        /s/ *Lance W. Martin*
                                        OF COUNSEL