**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

RUSSELL HANDJIS, INDIVIDUALLY, AND ON BEHALF
OF THE WRONGFUL DEATH BENEFICIARIES OF
LACEY ROBINETTE HANDJIS; AND
SHERRY HANDJIS, ON BEHALF OF JACK HANDJIS
AND TYLER HANDJIS, MINOR CHILDREN OF
LACEY ROBINETTE HANDJIS                                                    **PLAINTIFFS**

V.                                                               **CAUSE NO. 5:25-cv-00005-DCB-BWR**

ADAMS COUNTY, MISSISSIPPI; ADAMS COUNTY
MISSISSIPPI SHERIFF'S DEPARTMENT; SHERIFF
TRAVIS PATTEN; CHIEF STANLEY SEARCY;
OFFICER WANILA WILLIAMS; OFFICER VATISHA
COLLINS; OFFICER CLEOPHUS ROBINSON;
JOHN DOES 1-5; AND ABC CORPS. 6-10                                  **DEFENDANTS**

**DEFENDANT OFFICER WANILA WILLIAMS'S
ANSWER AND AFFIRMATIVE DEFENSES**

**COMES NOW**, Defendant Officer Wanila Williams, by and through  Counsel, and respectfully files this her Answer and Affirmative Defenses to the Plaintiffs' First Amended Complaint, to wit:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a cause of action as to this Defendant for which relief may be granted, including, but not limited to, the defense of qualified immunity as to the individual Defendants herein.  Therefore, the same should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs allege any claims under state law against these individual defendants, they are barred under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-1 (Supp. 1997), *et seq.*  Specifically, Plaintiffs' Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the

Mississippi Tort Claims Act, as no claim under state law is available against a governmental entity or its employees for either: (1) negligence by its sworn law enforcement officers; (2) failure to train, supervise or discipline law enforcement officers; or, (3) for an injury to a person who was a detainee at the time of an alleged injury. *Miss. Code Ann.* §11-46-9(1)(b),(c),(d),(e),(f),(h),(m) (Supp. 1997).  Additionally, to the extent those claims are asserted, Plaintiffs' claims must be dismissed, because Plaintiffs failed to provide a pre-suit notice of claim as required by *Miss. Code Ann*. §11-46-11.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs fail to state a claim upon which relief may be granted against any Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

The conduct of Plaintiffs' Decedent was the sole proximate cause of the incidents forming the basis of this lawsuit and her own alleged injuries and damages, if any; alternately, the conduct of Plaintiffs' Decedent was a contributing proximate cause of the incidents forming the basis of this lawsuit and her own alleged injuries and/or damages, if any.  Furthermore, this Defendant asserts the protections of the Mississippi Apportionment Statute, *Miss. Code Ann.* §85-5-7 (Supp 2003).

**FIFTH AFFIRMATIVE DEFENSE**

The individual Defendants are entitled to qualified immunity from Plaintiffs' claims against them.  These Defendants were public officials in the course of their duties during the incident forming the basis of this lawsuit.  These Defendants did not engage in any conduct which deprived the Plaintiffs or Plaintiffs' Decedent, Lacey Robinette Handjis, of any right, privilege, nor immunity protected by the Constitution or Laws of the United States.

Additionally, the conduct of these Defendants was objectively reasonable in light of clearly established law at the time of their actions in this matter. These Defendants' actions were justified and arguably justifiable in light of the information they possessed and clearly established law. As such, a reasonable officer could have believed their actions lawful during the incident forming the basis of this lawsuit.

**SIXTH AFFIRMATIVE DEFENSE**

With respect to Plaintiffs' state law claims, Defendant claims the protection of the statutory exemptions from liability found in *Miss. Code Ann.* §11-46-9 (1999). Alternatively, Defendant claims the protection of governmental immunity and/or sovereign immunity.

**SEVENTH AFFIRMATIVE DEFENSE**

Under applicable Mississippi jurisprudence and law, and specifically, *Miss. Code Ann.* §11-46-11(2)(a)(ii) and (iii), Plaintiffs' Notice of Claim is deficient. Due to the failure of Plaintiffs to strictly comply with those mandates, the state law claims should be dismissed.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' failure to allege violation of any duty by Defendants bars this cause of action.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that any personnel acting within the course and scope of their employment with Adams County are alleged to be involved in or responsible for the custody, safety, protection, supervision, or care of Plaintiffs' Decedent at any time, such conduct was at all times objectively reasonable and consistent with clearly established law, and for that reason, Plaintiffs' claims are barred.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Decedent's cause of death (death via health conditions existing prior to arrest, but unknown at the time by the arresting officers, jailors, and/or any named or unnamed Defendants) does not allow for a cognizable wrongful death claim.  No action or omission by these Defendants were the sole proximate cause of, or in the alternative, the proximate contributing cause of the injuries experienced by Plaintiffs' Decedent but said injuries, if any, were caused solely or contributory by natural causes and/or circumstances, conditions, or causes not related to these Defendants which may be proven at the trial of this cause so that these Defendants are not liable to Plaintiffs.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

**TWELFTH AFFIRMATIVE DEFENSE**

At no time did any governmental actor acting breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiffs' Decedent, and for that reason, Plaintiffs' claims are barred.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Answering Defendant specifically asserts and invokes all defenses available to her as set forth in *Fed. R. Civ. P.* 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk, and the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

The conduct of Plaintiffs' Decedent constituted the sole proximate cause of any injuries and/or death allegedly sustained and of any damages allegedly resulting therefrom. Moreover, the injuries/damages, if any, of Plaintiffs' Decedent were not foreseeable to this Defendant, and therefore, Plaintiffs' claim as to this Defendant should be dismissed.

### SIXTEENTH AFFIRMATIVE DEFENSE

The instant claim fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiffs' Decedent which was caused by this Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not cognizable against this Defendant. This Defendant further invokes the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution, and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2) (1993).

### EIGHTEENTH AFFIRMATIVE DEFENSE

This Defendant is not responsible for any condition of the Plaintiffs' Decedent that pre-existed the events which made the basis of this Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and the claims and causes of action asserted therein are barred under the doctrine of public official immunity, by reason of the fact that any duty on the part of the Defendants involved the use of discretion, and at no time did any governmental actor substantially exceed its authority, nor was any legally cognizable harm to Plaintiffs or Plaintiffs' Decedent, Lacey Robinette Handjis, caused by or in the course of such exercise of authority and discretion.

## TWENTIETH AFFIRMATIVE DEFENSE

As to any state law claims against this Defendant, she invokes all of the protections, limitations, qualifications, caps, immunities, and provisions of the Mississippi Tort Claims Act, including, but not limited to, those set forth in *Miss. Code Ann.* § 11-46-1, *et seq.* Moreover, Plaintiffs' Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* § 11-46-9 (1)(a) - (w) (Supp. 1997), *et seq.*

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent a breach in the standard of care is established, which is expressly denied, Lacey Robinette Handjis was not deprived of a greater than 50% chance of a substantially better outcome. In other words, without conceding or admitting that any breach in the standard of care occurred, compliance with the Plaintiffs' version of the applicable standard of care would not have provided Lacey Robinette Handjis with a greater than 50% chance of a substantially better outcome, and therefore, Plaintiffs' claims fail as a matter of law.

6

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant adopts and incorporates all affirmative defenses asserted by any other current or future co-defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Because this Defendant has no official capacity at this time and had none at the time suit was filed, and the action seeks relief against her in an official capacity, the pleadings must be amended to remove all official capacity claims against her and substitute any claims. Additionally, any official capacity claims against this Defendant are duplicative of the *Monell* claims against Defendants represented by other counsel.

### FIRST AMENDED COMPLAINT ANSWER[1]

### (Jury Trial Requested)[2]

**AND, NOW,** having asserted her affirmative defenses to the First Amended Complaint filed herein, and without waiving any such defenses, this Defendant answers the allegations of Plaintiffs' First Amended Complaint, paragraph by paragraph, as follows:

This Defendant denies the allegations in the unnumbered paragraph beginning with "COME NOW".

### I.

### PARTIES

1.     This Defendant is without information to admit or deny these allegations, and so denies the same.

---

[1]  Defendant uses the headings in the First Amended Complaint for the ease of the Court.  To the extent that these headings contain any factual allegations, they are specifically denied.

[2]  Plaintiffs' state law claims for negligence (Count II) and gross negligence (Count III) must be tried by a judge of this Court "without a jury[.]" *Miss. Code Ann.* §11-46-13(1).

2.      This Defendant is without information to admit or deny these allegations, and so denies the same.

3.      This Defendant admits Adams County, Mississippi, is a political subdivision of the State of Mississippi, subject to the MTCA, and that it may be served with process pursuant to the MTCA and Rule 4 of the *Federal Rules of Civil Procedure*.  Answering Defendant denies the remaining allegations of paragraph 3 of Plaintiffs' First Amended Complaint.

4.      This Defendant denies the allegations in this paragraph.

5.      This Defendant admits Sheriff Travis Patten is the duly elected Sheriff of Adams County and that he may be served with process pursuant to the MTCA and Rule 4 of the *Federal Rules of Civil Procedure*.  Answering Defendant denies the remaining allegations of paragraph 5 of Plaintiffs' First Amended Complaint.

6.      The allegations of this paragraph do not appear to be directed at this Defendant. This Defendant is without information to admit or deny the allegations, and so denies the same.

7.      The allegations of this paragraph do not appear to be directed at this Defendant. This Defendant is without information to admit or deny the allegations, and so denies the same.

8.      The allegations of this paragraph do not appear to be directed at this Defendant. This Defendant is without information to admit or deny the allegations, and so denies the same.

9.      The allegations of this paragraph do not appear to be directed at this Defendant. This Defendant is without information to admit or deny the allegations, and so denies the same.

10.     Answering Defendant admits that Wanila Williams was an officer at the Adams County Jail and that she may be served in her official capacity upon the Adams County

Chancery Clerk pursuant to *F.R.C.P.* 4(j).   Answering Defendant denies the remaining allegations of paragraph 10 of Plaintiff's First Amended Complaint.

11.    This Defendant admits that Vatisha Collins was an officer at the Adams County Jail and that she may be served in her official capacity upon the Adams County Chancery Clerk pursuant to *F.R.C.P.* 4(j).   Defendant denies the remaining allegations of paragraph 11 of Plaintiff's First Amended Complaint.

12.    This Defendant admits that Cleophus Robinson was an officer at the Adams County Jail and that he may be served in his official capacity upon the Adams County Chancery Clerk pursuant to *F.R.C.P.* 4(j).   Defendant denies the remaining allegations of paragraph 12 of Plaintiff's First Amended Complaint.

13.    The allegations of this paragraph do not appear to be directed at this Defendant. This Defendant is without information to admit or deny the allegations, and so denies the same.

14.    The allegations of this paragraph do not appear to be directed at this Defendant. This Defendant is without information to admit or deny the allegations, and so denies the same.

**II.**

**JURISDICTION AND VENUE**

15.    This Defendant denies the allegations in this paragraph as stating legal conclusions.

16.    This Defendant denies the allegations in this paragraph as stating legal conclusions.

### III.

### FACTS

17.     This Defendant denies the allegations in this paragraph as stating legal conclusions.

18.     This Defendant admits Lacey Robinette Handjis ("Decedent") was held in the Adams County Jail on a mental health order[3] beginning at approximately 2:20 P.M. on August 28, 2023, and that she died while in custody at approximately 4:40 A.M. on the morning of August 29, 2023.   This Defendant lacks information sufficient to determine the truth of the remaining allegations of this paragraph, and therefore, denies the same.

19.     This Defendant is without information to admit or deny these allegations, and so denies the same.

20.     This Defendant is without information to admit or deny these allegations, and so denies the same.

21.     This Defendant is without information to admit or deny these allegations, and so denies the same.

22.     This Defendant is without information to admit or deny these allegations, and so denies the same.

23.     This Defendant is without information to admit or deny these allegations, and so denies the same.

24.     This Defendant is without information to admit or deny these allegations, and so denies the same.

---

[3] Plaintiffs attached an Adams County Chancery Court Order to Hold to their First Amended Complaint as "Exhibit A" [23-1].  The Order speaks for itself.

25.     This Defendant is without information to admit or deny these allegations, and so denies the same.

26.     This Defendant is without information to admit or deny these allegations, and so denies the same.

27.     This Defendant is without information to admit or deny these allegations, and so denies the same.

28.     This Defendant admits Decedent was held in the Adams County Jail pursuant to an Adams County Chancery Court Order to Hold.  Answering Defendant denies the remaining allegations of this paragraph.

29.     This Defendant is without information to admit or deny these allegations, and so denies the same.

30.     This Defendant admits officers processed the Decedent for holding in the Adams County Jail and further avers Plaintiffs' "Exhibit B" [23-2] speaks for itself.  Answering Defendant denies the remaining allegations of paragraph 30 of Plaintiffs' First Amended Complaint, as stated.

31.     This Defendant was not a party to the initial Core Disclosures.  But upon information and belief, this Defendant admits that the County Defendants provided Plaintiffs with extensive video surveillance, all of which use Military time, and that this surveillance was filed under seal.  All other allegations are denied.

32.     Denied.

33.     This Defendant admits Decedent was in a holding cell at the Adams County Jail. This Defendant denies the remaining allegations.

34.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action.  These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings.  Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

35.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action.  These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings.  Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

36.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action.  These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings.  Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

37.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action.  These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings.  Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

38.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action.  These

video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

39. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

40. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

41. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

42. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent

they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

43. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

44. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

45. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

46. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

47.     The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

48.     The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

49.     The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

50.     The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

51.     The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These

video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

52.     The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

53.     The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

54.     The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

55.     The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent

they misstate or mischaracterize the contents of such video recordings.   Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

56.   Denied.

57.   The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action.   These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings.   Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

58.   The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action.   These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings.   Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

59.   The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action.   These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings.   Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

60.   The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action.   These video recordings speak for themselves, and this Defendant denies the allegations to the extent

they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

61.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

62.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

63.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

64.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

65.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action.  These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings.  Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

66.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action.  These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings.  Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

67.    Denied.

68.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action.  These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings.  Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

69.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action.  These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings.  Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

70.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

71.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

72.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

73.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

74.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These

video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

75. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

76. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

77. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

78. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent

they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

79. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

80. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

81. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

82. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

83. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

84. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

85. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

86. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

87. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These

video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

88. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

89. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

90. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

91. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent

they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

92. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

93. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

94. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

95. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

96.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

97.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

98.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

99.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

100.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These

video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

101. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

102. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

103. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

104. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent

they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

105. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

106. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

107. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

108. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

28

109. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

110. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

111. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

112. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

113. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These

29

video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

114. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

115. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

116. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. The additional allegations of this paragraph seek to recount and recite events and statements that are visible from photographs of the incident at issue in this action. This Defendant denies the mischaracterization of the still photographs as not capturing the entire events. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

117. Denied.

118.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action.  These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings.  Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

119.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action.  These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings.  Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

120.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action.  These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings.  Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

121.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action.  These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings.  Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

122.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action.  These

video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

123. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

124. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

125. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

126. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent

they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

127. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

128. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

129. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

130. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

131. This Defendant avers the September 7, 2023, toxicology report speaks for itself. The remaining allegations of this paragraph contain medical assessments and conclusions, and as such, this Defendant denies the same. This Defendant reserves the right to challenge these assessments and conclusions.

132. This Defendant avers the autopsy report speaks for itself. The remaining allegations of this paragraph contain medical assessments and conclusions, and as such, this Defendant denies the same. This Defendant reserves the right to challenge these assessments and conclusions.

133. This Defendant avers the autopsy report speaks for itself. The remaining allegations of this paragraph contain medical assessments and conclusions, and as such, this Defendant denies the same. This Defendant reserves the right to challenge these assessments and conclusions.

134. Denied.

135. Denied.

136. Defendants admit that some of the Adams County jail employees were interviewed. All other allegations are denied.

137. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

138.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

139.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

140.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

141.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

142.    The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These

video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

143. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

144. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

145. The allegations of this paragraph seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this Defendant denies the allegations to the extent they misstate or mischaracterize the contents of such video recordings. Additionally, this Defendant denies all allegations of this paragraph not specifically admitted above.

146. The allegations in this paragraph do not appear to be directed at this Defendant; therefore, they are denied.

147.    The allegations in this paragraph do not appear to be directed at this Defendant; therefore, they are denied.  To the extent that these allegations are, this Defendant denies the allegations contained in this paragraph and denies the allegations in the cited report.

148.    The allegations in this paragraph do not appear to be directed at this Defendant; therefore, they are denied.  To the extent that these allegations are, this Defendant denies the allegations contained in this paragraph and denies the allegations in the cited report.

149.    The allegations in this paragraph do not appear to be directed at this Defendant; therefore, they are denied.  To the extent that these allegations are, this Defendant denies the allegations contained in this paragraph and denies the allegations in the cited report.

150.    The allegations in this paragraph do not appear to be directed at this Defendant; therefore, they are denied.  To the extent that these allegations are, this Defendant denies the allegations contained in this paragraph and denies the allegations in the cited report.

151.    The allegations in this paragraph do not appear to be directed at this Defendant; therefore, they are denied.  To the extent that these allegations are, this Defendant denies the allegations contained in this paragraph and denies the allegations in the cited report.

152.    This Defendant is without information to admit or deny this paragraph, and so denies the same.

153.    The allegations in this paragraph do not appear to be directed at this Defendant; therefore, they are denied.

154.    The allegations in this paragraph do not appear to be directed at this Defendant; therefore, they are denied.

## IV.

## CAUSES OF ACTION

### Count I – 42 U.C.A. Sec. 1983

### Violation of the Fourteenth Amendment Rights

#### A. Unconstitutional Conditions of Confinement

155. This Defendant adopts and incorporates the preceding paragraphs.

156. The allegations in this paragraph are a statement of law and do not require a response from this Defendant. To the extent that they do, this Defendant denies them as incomplete.

157. The allegations in this paragraph do not appear to be directed at this Defendant; therefore, they are denied.

158. The allegations in this paragraph do not appear to be directed at this Defendant; therefore, they are denied.

159. The allegations in this paragraph do not appear to be directed at this Defendant; therefore, they are denied.

160. Denied.

161. Denied.

162. Denied.

163. The allegations in this paragraph do not appear to be directed at this Defendant; therefore, they are denied. To the extent that it is, it is denied.

164. The allegations in this paragraph do not appear to be directed at this Defendant; therefore, they are denied. To the extent that it is, it is denied.

165. The allegations in this paragraph do not appear to be directed at this Defendant; therefore, they are denied. To the extent that it is, it is denied.

166. Denied.

### B. Unconstitutional Episodic Acts or Omissions

167. This Defendant adopts and incorporates the preceding paragraphs.

168. The allegations in this paragraph are a statement of law and do not require a response from this Defendant. To the extent that they do, this Defendant denies them as incomplete.

169. Officer Williams admits that she was at all times an employee acting under the color of law. All other allegations in this paragraph are denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

### Count II

### State Law Claim: Negligence

175. This Defendant adopts and incorporates the preceding paragraphs.

176. Denied as stated.

177. Denied.

178. Denied.

## Count III

### State Law Claim: Gross Negligence

179.    This Defendant adopts and incorporates the preceding paragraphs.

180.    Denied.

181.    Denied.

182.    Denied.

## IV.

## DAMAGES

183.    Denied.

**AND NOW, HAVING FULLY ANSWERED** and asserted her Affirmative Defenses, the Defendant prays that this Court grant the following relief:

(A)    That this Court dismiss Plaintiffs' Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses;

(B)    That this Court deny Plaintiffs the relief prayed for and that Plaintiffs be denied any relief whatsoever; and

(C)    That this Court award the Defendants their attorney fees, costs, and expenses associated with the defense of the instant civil action.

**RESPECTFULLY SUBMITTED,** this the 5th of November, 2025.

**JACKS GRIFFITH LUCIANO, P.A.**

By:  _/s/ Nicholas J. McClain_
      Nicholas J. McClain, MS Bar No. 106991
      Arnold U. Luciano, MS Bar No. 99198
      Daniel J. Griffith, MS Bar No. 8366
      Attorneys for Defendants Officer Vatisha Collins, Officer Cleophus Robinson, and Officer Wanila Williams

40

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Telephone: 662-843-6171
Fax: 662-843-6176
Email: nick@jlpalaw.com
          aluciano@jlpalaw.com
          dgriffith@jlpalaw.com

## CERTIFICATE OF SERVICE

I, Nicholas J. McClain, attorney of record for Defendants Officer Vatisha Collins, Officer Cleophus Robinson, and Officer Wanila Williams, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Defendant Officer Wanila Williams's Answer and Affirmative Defenses* to be delivered by the ECF filing system, which gave notice to the following:

Eric Dillon, Esq.
Eric Dillon Law Firm, PLLC
216 W Jackson Street
Ridgeland, MS 39157
Telephone: 601-906-5336
Email: eric@ericdillonlawfirm.com
**Attorney for Plaintiffs**

Jonathan P. Barrett, Esq.
Barrett Law, PLLC
121 Colony Crossing, Suite D
Madison, MS 39110
Telephone: 601-790-1505
Email: jpb@barrettlawms.com
**Attorney for Plaintiffs**

William Robert Allen, Esq.
Lance W. Martin, Esq.
Butler Snow, LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone: 601-985-4240
Email: will.allen@butlersnow.com
       lance.martin@butlersnow.com
**Attorneys for Defendants Adams County, Mississippi;**
**Adams County Mississippi Sheriff's Department;**
**Sheriff Travis Patten; and Chief Stanley Searcy**

**DATED** this the 5th of November, 2025.

*/s/ Nicholas J. McClain*
Nicholas J. McClain