**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

RUSSELL HANDJIS, INDIVIDUALLY, AND ON BEHALF
OF THE WRONGFUL DEATH BENEFICIARIES OF
LACEY ROBINETTE HANDJIS; AND
SHERRY HANDJIS, ON BEHALF OF JACK HANDJIS
AND TYLER HANDJIS, MINOR CHILDREN OF
LACEY ROBINETTE HANDJIS                                    **PLAINTIFFS**

**V.**                                    **CAUSE NO. 5:25-cv-00005-DCB-BWR**

ADAMS COUNTY, MISSISSIPPI; ADAMS COUNTY
MISSISSIPPI SHERIFF'S DEPARTMENT; SHERIFF
TRAVIS PATTEN; CHIEF STANLEY SEARCY;
OFFICER WANILA WILLIAMS; OFFICER VATISHA
COLLINS; OFFICER CLEOPHUS ROBINSON;
JOHN DOES 1-5; AND ABC CORPS. 6-10                        **DEFENDANTS**

<u>**DEFENDANTS OFFICER WANILA WILLIAMS, OFFICER VATISHA COLLINS,
AND OFFICER CLEOPHUS ROBINSON'S
MOTION FOR JUDGMENT ON THE PLEADINGS**</u>

**COME NOW**, Defendants, Officer Wanila Williams, Officer Vatisha Collins, and Officer

Cleophus Robinson, in their official and individual capacity, by and through counsel, and submit this,

their Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the *Federal Rule of Civil*

*Procedure*.

**I.      PREMISE**

Lacey Handjis ("Decedent") died of hyponatremia dehydration in the Adams County Jail on

August 29, 2023.   Defendants Officers Cleophus Robinson ("Robinson"), Wanila Williams

("Williams"), and Vatisha Collins ("Collins") were scheduled for the overnight shift on August 28-29,

2023, the night of Decedent's death.   Throughout the night, and to varying degrees, each officer

interacted with Decedent and came to the same conclusion – she is a mental patient that is acting the

way mental patients often act.  Nowhere in Plaintiffs' amended complaint is it alleged that any of the

three (3) officers both had facts before them that would allow for the inference that Decedent was in serious need of medical attention and that they, in fact, made the inference. Instead, in Plaintiffs' complaint and attached videos, each Defendant is consistent – they believed she was mentally disturbed, not in any medical danger. The only relevant inquiry is what judgment they made; the quality of the judgment is irrelevant.

Qualified immunity shields "all but the plainly incompetent or those who knowingly violate the law." The shield of qualified immunity cannot be pierced by simple negligence, or even gross negligence, and in the context of denial of medical care, a plaintiff must show that defendants were deliberately indifferent to a serious medical need. Plaintiffs' complaint fails to allege facts that Defendants had information by which they could have inferred Decedent was having a medical emergency and that each Defendant actually made the inference.

Because Plaintiffs fail to allege facts that pierce the qualified immunity shield, Defendants Officer Wanila Williams, Officer Vatisha Collins, and Officer Cleophus Robinson are entitled to qualified immunity and must be dismissed.

## II.    INTRODUCTION

Plaintiffs bring three (3) claims against the named Defendants before the Court on this motion. First is a is a state law claim of negligence, alleging that the Defendants should have known Decedent needed serious medical help but failed to provide it. Second is a state law claim of gross negligence, alleging basically the same thing as the negligence claim. Lastly, Plaintiffs bring a 1983 claim for unconstitutional denial of medical care, alleging that the Defendants were deliberately indifferent to Decedent's serious medical needs.

All claims against the present Defendants must be dismissed. First, the claims for negligence

and gross negligence are not cognizable under Mississippi law.  The <u>Mississippi Torts Claims Act</u>, *Miss. Code Ann.* §11-46-1, et al., clearly holds that the state and its employees are immune from any claim arising while the plaintiff – or decedent – was an inmate at a jail.  Second, and to the extent Plaintiffs are bringing a claim against the named Defendants in their official capacity, those claims must be dismissed as duplicative of the *Monell* claims Plaintiffs bring against the County.  Lastly, the named Defendants are entitled to qualified immunity.  It is well settled that a failure to provide medical care claim requires both that each defendant have sufficient information by which they could infer that the plaintiff had a serious medical need and that each defendant *actually made the inference.* Plaintiffs have not done so, and these Defendants should be dismissed.

## III.  EXHIBITS

Plaintiffs attached to their First Amended Complaint several videos and documents.  The videos are security camera footage of the Adams County Jail, capturing Decedent's holding cell, the control room, and the booking hallway, as well as interviews with Vatisha Collins and Cleophus Robinson and the first seven (7) minutes of Wanila Williams's interview. Defendants will cite to the Plaintiffs' exhibits and will attach the following exhibit of its own:

**EXHIBIT A**   Remainder of Interview with Wanila Williams.

## IV.  BASIS FOR RELIEF

In further support of this Motion, Defendants respectfully submit a separately filed Memorandum of Authorities.

## V.  CONCLUSION

Plaintiffs' complaint fails to state a claim for which relief can be granted against Defendants Officer Wanila Williams, Officer Vatisha Collins, and Officer Cleophus Robinson.  These Defendants

must be dismissed.

**NOW, THEREFORE,** Defendants pray that this Court grant the following relief:

(A)     That this Court dismiss Plaintiffs' Complaint with prejudice; and

(B)     That this Court deny Plaintiffs the relief prayed for in Plaintiffs' Complaint, and that

Plaintiffs be denied any relief whatsoever.

**RESPECTFULLY SUBMITTED,** this the 7th of November, 2025.

**JACKS GRIFFITH LUCIANO, P.A.**

By:  */s/ Nicholas J. McClain*
     Nicholas J. McClain, MS Bar No. 106991
     Arnold U. Luciano, MS Bar No. 99198
     Daniel J. Griffith, MS Bar No. 8366
     Attorneys for Defendants Officer Vatisha Collins, Officer Cleophus Robinson, and Officer Wanila Williams

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Telephone: 662-843-6171
Fax: 662-843-6176
Email: nick@jlpalaw.com
     aluciano@jlpalaw.com
     dgriffith@jlpalaw.com

## CERTIFICATE OF SERVICE

I, Nicholas J. McClain, attorney of record for Defendants Officer Vatisha Collins, Officer Cleophus Robinson, and Officer Wanila Williams, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Defendants Officer Wanila Williams, Officer Vatisha Collins, and Officer Cleophus Robinson's Motion for Judgment on the Pleadings* to be delivered by the ECF filing system, which gave notice to the following:

Eric Dillon, Esq.
Eric Dillon Law Firm, PLLC
216 W Jackson Street
Ridgeland, MS 39157
Telephone: 601-906-5336
Email: eric@ericdillonlawfirm.com
**Attorney for Plaintiffs**

Jonathan P. Barrett, Esq.
Barrett Law, PLLC
121 Colony Crossing, Suite D
Madison, MS 39110
Telephone: 601-790-1505
Email: jpb@barrettlawms.com
**Attorney for Plaintiffs**

William Robert Allen, Esq.
Lance W. Martin, Esq.
Butler Snow, LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone: 601-985-4240
Email: will.allen@butlersnow.com
      lance.martin@butlersnow.com
**Attorneys for Defendants Adams County, Mississippi;**
**Adams County Mississippi Sheriff's Department;**
**Sheriff Travis Patten; and Chief Stanley Searcy**

**DATED** this the 7th of November, 2025.

          */s/ Nicholas J. McClain*
          Nicholas J. McClain