**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**RUSSELL HANDJIS, INDIVIDUALLY, AND ON BEHALF**
**OF THE WRONGFUL DEATH BENEFICIARIES OF**
**LACEY ROBINETTE HANDJIS; AND**
**SHERRY HANDJIS, ON BEHALF OF JACK HANDJIS**
**AND TYLER HANDJIS, MINOR CHILDREN OF**
**LACEY ROBINETTE HANDJIS**                                            **PLAINTIFFS**

**V.**                                            **CAUSE NO. 5:25-cv-00005-DCB-BWR**

**ADAMS COUNTY, MISSISSIPPI; ADAMS COUNTY**
**MISSISSIPPI SHERIFF'S DEPARTMENT; SHERIFF**
**TRAVIS PATTEN; CHIEF STANLEY SEARCY;**
**OFFICER WANILA WILLIAMS; OFFICER VATISHA**
**COLLINS; OFFICER CLEOPHUS ROBINSON;**
**JOHN DOES 1-5; AND ABC CORPS. 6-10**                          **DEFENDANTS**

**DEFENDANTS OFFICER WANILA WILLIAMS, OFFICER VATISHA COLLINS,**
**AND OFFICER CLEOPHUS ROBINSON'S MOTION TO STAY**

**NOW COME**, Defendants, Officer Wanila Williams, Officer Vatisha Collins, and Officer

Cleophus Robinson, by and through counsel, and respectfully move this Court for a stay of these

proceedings pending resolution of these Defendants' Motion for Judgment on the Pleadings **[Doc.**

**43]** and would state to the Court, as follows:

**I.      PREMISE**

Lacey Handjis ("Decedent") died of hyponatremia dehydration in the Adams County Jail on

August 29, 2023.   Defendants Officers Cleophus Robinson ("Robinson"), Wanila Williams

("Williams"), and Vatisha Collins ("Collins") were scheduled for the overnight shift on August 28-29,

2023, the night of Decedent's death.   Throughout the night, and to varying degrees, each officer

interacted with Decedent and came to the same conclusion – she is a mental patient that is acting the

way mental patients often act.   Nowhere in Plaintiffs' amended complaint is it alleged that any of the

three (3) officers both had facts before them that would allow for the inference that Decedent was in serious need of medical attention and that they in fact made the inference. Instead, in Plaintiffs' complaint and attached videos, each Defendant is consistent – they believed she was mentally disturbed, not in any medical danger. The only relevant inquiry is what judgment they made; the quality of the judgment is irrelevant.[1]

Qualified immunity shields "all but the plainly incompetent or those who knowingly violate the law." The shield of qualified immunity cannot be pierced by simple negligence, or even gross negligence, and in the context of denial of medical care, a plaintiff must show that defendants were deliberately indifferent to a serious medical need. Plaintiffs' complaint fails to allege facts that plausibly allege Defendants had information by which they could have inferred Decedent was having a medical emergency and that each Defendant actually made the inference.

Therefore, as Plaintiffs' claims cannot avoid well settled principles of federal and state immunity, the Defendants before the court on this motion must be dismissed. Accordingly, Defendants have filed a Motion for Judgment on the Pleadings **[Doc. 43]** requesting dismissal of all of Plaintiffs' claims based upon state and federal immunities. Defendants' dispositive Motion asserting immunity remains pending before this Court. Pursuant to the automatic stay provision of *Local Uniform Civil Rule* 16(b)(3)(B), a stay of all proceedings is warranted.

## II.    AUTHORITIES

As required by *Uniform Local Rule* 7(b)(4), Defendants are filing herewith a separate Memorandum of Authorities.

---

[1] *See Hartzog v. Hackett*, 2017 U.S. Dist. LEXIS 228749, at *25 (holding the correctness of an officers belief about a plaintiff's condition to be irrelevant where there was no dispute that the officer believed the inmate was receiving care elsewhere).

**WHEREFORE**, Defendants respectfully request that the Court enter a stay of all proceedings in this case until this Court rules on Defendants' pending Motion for Judgment on the Pleadings pursuant to *Local Uniform Civil Rule* 16(b)(3)(B).

**RESPECTFULLY SUBMITTED,** this the 7th of November, 2025.

**JACKS GRIFFITH LUCIANO, P.A.**

By:  */s/ Nicholas J. McClain*
  Nicholas J. McClain, MS Bar No. 106991
  Arnold U. Luciano, MS Bar No. 99198
  Daniel J. Griffith, MS Bar No. 8366
  Attorneys for Defendants Officer Vatisha
  Collins, Officer Cleophus Robinson, and
  Officer Wanila Williams

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Telephone: 662-843-6171
Fax: 662-843-6176
Email: nick@jlpalaw.com
  aluciano@jlpalaw.com
  dgriffith@jlpalaw.com

**CERTIFICATE OF SERVICE**

I, Nicholas J. McClain, attorney of record for Defendants Officer Vatisha Collins, Officer Cleophus Robinson, and Officer Wanila Williams, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Defendants Officer Wanila Williams, Officer Vatisha Collins, and Officer Cleophus Robinson's Motion to Stay* to be delivered by the ECF filing system, which gave notice to the following:

Eric Dillon, Esq.
Eric Dillon Law Firm, PLLC
216 W Jackson Street
Ridgeland, MS 39157
Telephone: 601-906-5336
Email: eric@ericdillonlawfirm.com
**Attorney for Plaintiffs**

Jonathan P. Barrett, Esq.
Barrett Law, PLLC
121 Colony Crossing, Suite D
Madison, MS 39110
Telephone: 601-790-1505
Email: jpb@barrettlawms.com
**Attorney for Plaintiffs**

William Robert Allen, Esq.
Lance W. Martin, Esq.
Butler Snow, LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone: 601-985-4240
Email: will.allen@butlersnow.com
        lance.martin@butlersnow.com
**Attorneys for Defendants Adams County, Mississippi;**
**Adams County Mississippi Sheriff's Department;**
**Sheriff Travis Patten; and Chief Stanley Searcy**

**DATED** this the 7th of November, 2025.

                            */s/ Nicholas J. McClain*
                            Nicholas J. McClain