**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**RUSSELL HANDJIS, INDIVIDUALLY, AND ON BEHALF**
**OF THE WRONGFUL DEATH BENEFICIARIES OF**
**LACEY ROBINETTE HANDJIS; AND**
**SHERRY HANDJIS, ON BEHALF OF JACK HANDJIS**
**AND TYLER HANDJIS, MINOR CHILDREN OF**
**LACEY ROBINETTE HANDJIS**                                    **PLAINTIFFS**

**V.**                                    **CAUSE NO. 5:25-cv-00005-DCB-BWR**

**ADAMS COUNTY, MISSISSIPPI; ADAMS COUNTY**
**MISSISSIPPI SHERIFF'S DEPARTMENT; SHERIFF**
**TRAVIS PATTEN; CHIEF STANLEY SEARCY;**
**OFFICER WANILA WILLIAMS; OFFICER VATISHA**
**COLLINS; OFFICER CLEOPHUS ROBINSON;**
**JOHN DOES 1-5; AND ABC CORPS. 6-10**                **DEFENDANTS**

<u>**MEMORANDUM OF AUTHORITIES IN SUPPORT OF**</u>
<u>**DEFENDANTS OFFICER WANILA WILLIAMS, OFFICER VATISHA COLLINS,**</u>
<u>**AND OFFICER CLEOPHUS ROBINSON'S MOTION TO STAY**</u>

     **NOW COME**, Defendants, Officer Wanila Williams, Officer Vatisha Collins, and Officer

Cleophus Robinson, by and through counsel, and  respectfully move this Court for a stay of these

proceeding pending resolution of these Defendants' Motion for Judgment on the Pleadings **[Doc. 43]**

and would state to the Court, as follows:

**I.**     **PREMISE**

     Lacey Handjis ("Decedent") died of hyponatremia dehydration in the Adams County Jail on

August 29, 2023.   Defendants Officers Cleophus Robinson ("Robinson"), Wanila Williams

("Williams"), and Vatisha Collins ("Collins") were scheduled for the overnight shift on August 28-29,

2023, the night of Decedent's death.   Throughout the night, and to varying degrees, each officer

interacted with Decedent and came to the same conclusion – she is a mental patient that is acting the

way mental patients often act.   Nowhere in Plaintiffs' amended complaint is it alleged that any of the

three (3) officers both had facts before them that would allow for the inference that Decedent was in serious need of medical attention and that they in fact made the inference.  Instead, in Plaintiffs' complaint and attached videos, each Defendant is consistent – they believed she was mentally disturbed, not in any medical danger.  The only relevant inquiry is what judgment they made; the quality of the judgment is irrelevant.[1]

Qualified immunity shields "all but the plainly incompetent or those who knowingly violate the law."  The shield of qualified immunity cannot be pierced by simple negligence, or even gross negligence, and in the context of denial of medical care, a plaintiff must show that defendants were deliberately indifferent to a serious medical need.  Plaintiffs' complaint fails to allege facts that Defendants had information by which they could have inferred Decedent was having a medical emergency and that each Defendant actually made the inference.  Further, because Decedent was an inmate of Adams County Jail at the time of her death, her state law claims are barred by *Miss. Code Ann.* §11-46-9(1)(m).

Therefore, as Plaintiffs' claims cannot avoid well settled principles of federal and state immunity, the Defendants before the court on this motion must be dismissed.  Accordingly, Defendants have filed a Motion for Judgment on the Pleadings **[Doc. 43]** requesting dismissal of all of Plaintiffs' claims based upon state and federal immunities.  Defendants' dispositive Motion asserting immunity remains pending before this Court.  Pursuant to the automatic stay provision of *Local Uniform Civil Rule* 16(b)(3)(B), a stay of all proceedings is warranted.

---

[1] *See Hartzog v. Hackett*, 2017 U.S. Dist. LEXIS 228749, at *25 (holding the correctness of an officers belief about a plaintiff's condition to be irrelevant where there was no dispute that the officer believed the inmate was receiving care elsewhere).

## II.    BACKGROUND

Decedent Lacey Handjis was booked into the Adams County Jail on August 28, 2023 under a Chancery Hold.[2]  As the Statement of Facts of Defendants' Memorandum of Authorities to Their Motion for Judgment on the Pleadings makes clear, each Defendant party to this motion made a singular inference relating to Decedent's medical condition – that she was a Chancery Hold inmate, behaving the way Chancery Hold inmates often behave, i.e., erratically.[3]  Plaintiffs attached to their complaint exhaustive security camera footage depicting every minute of Decedent's stay in Adams County as it relates to Robinson, Williams, and Collins.[4]  Plaintiffs cite to the video at length in their complaint, referencing military time as depicted in the top right corner of each video.  Defendants below do the same.

As only Defendants Officers Cleophus Robinson, Vatisha Collins, and Wanila Williams are before the Court for this motion, the facts below will adhere only to the events of August 28-29, 2023, for which the Defendants were actually present, which occurs from roughly 17:51:00 on August 28, 2023, when Robinson and Collins arrive until Robinson – the last officer present – left at 06:02:00 on August 29, 2023.[5]

Exhaustive security footage shows that, despite Plaintiffs' allegations to the contrary, Defendants attempted to assist Decedent several times and that, rather than believing she was in

---

[2] [Doc. 23-1], Order to Hold Lacey Handjis.
[3] *See* [Doc. _____], Defs. Williams, Collins, & Robinson's Mot. For. Jdgmt. on the Pldgs., at Sec. III.
[4] *See* [Doc. 23], Amd. Compl., Exhibit C, Holding Cell of Lacey Handjis; Exhibit D, Control Room; Exhibit E, Booking Hallway.
[5] *See*, *Meadours v. Ermel*, 483 F.3d 417, at 421 (5th Cir. 2007)(citing to well-established law that where it is not alleged the defendants acted in unison, a court must "examine each individual defendant's entitlement to qualified immunity separately."); *See also*, Plaintiff's Exhibit D, Control Room Video.

danger, thought she was behaving consistent with how Chancery Hold inmates behave,[6] faking illness to get out of her cell,[7] or asleep.[8]  There is no indication in any of the security footage or in the officers' interviews the day of Decedent's death that any of them made the inference that Decedent was in need of serious medical attention.  Because deliberate indifference requires that the inference actually be made, and because no officer actually made the inference, they are entitled to qualified immunity.

Defendants' dispositive Motion asserting immunity remains pending before this Court. Pursuant to the automatic stay provision of *Local Uniform Civil Rule* 16(b)(3)(B), a stay of all proceedings is warranted.

## III.    AUTHORITIES

*Local Uniform Civil Rule* 16(b)(3)(B) provides that the filing of "a motion asserting an immunity defense or jurisdictional defense, stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal."  Both federal and state immunities apply the same principle, such that "[i]mmunity is an entitlement not to stand trial rather than a mere defense to liability and, therefore, should be resolved at the earliest possible stage

---

[6] *See* Plaintiff's Exhibit I, at 03:50 (stating that the screaming, getting naked, throwing water around the cell that Collins observed was regularly seen behavior by other mental hold inmates), at 09:45 ("I assumed she got tired from being hyper forever. Mental patients sleep in all kinds of ways. I thought 'maybe she asleep [sic]."); *See also,* Plaintiff's Exhibit J, at 04:00-05:00; *See also,* Defendant's Exhibit A, Interview of Wanila Williams, at 3:19.
[7] *See,* Plaintiff's Exhibit D, at 22:55:06 (Collins reporting to Williams that "[Decedent] just in there trying to make herself throw up, She's not throwing up blood."), at 22:42:40 (Officer Kracek telling Robinson and Williams that "She's trying to make herself sick, that's what she's trying to do.").
[8] Plaintiff;s Exhibit I, at 09:45 ("I assumed she got tired from being hyper forever. Mental patients sleep in all kinds of ways. I thought 'maybe she asleep [sic].")

4

of litigation."[9]  Qualified immunity "is not just immunity from judgment, but rather, is immunity from all aspects of suit."[10]  The qualified immunity issues in a case are "threshold" issues and must be dealt with as expeditiously as possible and prior to resolving non-immunity issues.[11]

One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive."[12]  As such, a District Court must first find "that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity."[13] A plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the Court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity.[14]

Importantly, the Fifth Circuit recently reiterated that where "public officials assert qualified immunity in a motion to dismiss, a district court must rule on the immunity question at that stage."[15] As stated by the Fifth Circuit: "It is '*precisely* the point of qualified immunity ... to protect public officials from expensive, intrusive discovery *until and unless* the requisite showing overcoming immunity is made.'"[16]  "Even discovery tailored to flesh out the qualified immunity defense is not allowed, as the district court 'may not permit discovery - 'cabined or otherwise' - against

---

[9] *Mitchell v. City of Greenville*, 846 So. 2d 1028 (Miss. 2003) (citing *Saucier v. Katz*, 533 U.S. 194, 200-01, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)); *see also, Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985).

[10] *Jacques v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

[11] *See Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2728 (1982).

[12] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)).

[13] *Id.*

[14] *Wicks v. Mississippi State Employment Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995).

[15] *Carswell v. Camp*, 37 F.4th 1062, 1066 (5th Cir. 2022), *substituted opinion* 54 F.4th 307, 311 (5th Cir. 2022).

[16] *Vaughn v. Oktibbeha Cty.*, No. 1:24-CV-108-SA-RP, 2025 U.S. Dist. LEXIS 915, at *3 (N.D. Miss. Jan. 3, 2025) (quoting *Carswell*, 54 F.4th at 311 (citing *Backe v. LeBlanc*, 691 F.3d 646, 648 (5th Cir. 2012)) (second emphasis added in *Carswell*)).

immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense.'"[17] "'The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming QI must survive the motion to dismiss without *any* discovery.'"[18]

Because these Defendants have raised both state and federal immunity defenses in their pending Motion for Judgment on the Pleadings (*See* **[Docs. 43 through 44]**), *Local Rule* 16(b)(3)(B) requires all matters be stayed, including the attorney conference and disclosure requirements. Further, *Local Uniform Civil Rule* 16(b)(3)(B) allows the stay of all discovery unrelated to the issues of the immunity defenses articulated in the Motion. No discovery has been sought to date. Due to the threshold issues raised in these Defendants' Motion for Judgment on the Pleadings, these Defendants respectfully request a stay of all other proceedings in the instant matter pending a determination of Defendants' Motion.

**RESPECTFULLY SUBMITTED,** this the 7th of November, 2025.

**JACKS GRIFFITH LUCIANO, P.A.**

By: */s/ Nicholas J. McClain*
   Nicholas J. McClain, MS Bar No. 106991
   Arnold U. Luciano, MS Bar No. 99198
   Daniel J. Griffith, MS Bar No. 8366
   Attorneys for Defendants Officer Vatisha Collins, Officer Cleophus Robinson, and Officer Wanila Williams

---

[17] *Id.* at *3-4 (quoting *Carswell*, 54 F.4th 307, 312 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 686, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

[18] *Id.* at *4 (quoting *Carswell*, 54 F.4th at 311 (emphasis in original)).

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Telephone: 662-843-6171
Fax: 662-843-6176
Email: nick@jlpalaw.com
        aluciano@jlpalaw.com
        dgriffith@jlpalaw.com

## CERTIFICATE OF SERVICE

I, Nicholas J. McClain, attorney of record for Defendants Officer Vatisha Collins, Officer Cleophus Robinson, and Officer Wanila Williams, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum of Authorities in Support of Defendants Officer Wanila Williams, Officer Vatisha Collins, and Officer Cleophus Robinson's Motion to Stay* to be delivered by the ECF filing system, which gave notice to the following:

Eric Dillon, Esq.
Eric Dillon Law Firm, PLLC
216 W Jackson Street
Ridgeland, MS 39157
Telephone: 601-906-5336
Email: eric@ericdillonlawfirm.com
**Attorney for Plaintiffs**

Jonathan P. Barrett, Esq.
Barrett Law, PLLC
121 Colony Crossing, Suite D
Madison, MS 39110
Telephone: 601-790-1505
Email: jpb@barrettlawms.com
**Attorney for Plaintiffs**

William Robert Allen, Esq.
Lance W. Martin, Esq.
Butler Snow, LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone: 601-985-4240
Email: will.allen@butlersnow.com
        lance.martin@butlersnow.com
**Attorneys for Defendants Adams County, Mississippi;**
**Adams County Mississippi Sheriff's Department;**
**Sheriff Travis Patten; and Chief Stanley Searcy**

**DATED** this the 7th of November, 2025.

 */s/ Nicholas J. McClain*
Nicholas J. McClain