**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**RUSSELL HANDJIS, INDIVIDUALLY, AND ON BEHALF
OF THE WRONGFUL DEATH BENEFICIARIES OF
LACEY ROBINETTE HANDJIS; AND
SHERRY HANDJIS, ON BEHALF OF JACK HANDJIS
AND TYLER HANDJIS, MINOR CHILDREN OF
LACEY ROBINETTE HANDJIS**                                   **PLAINTIFFS**

       **v.**                                  **CAUSE NO. 5:25-cv-00005-DCB-BWR**

**ADAMS COUNTY, MISSISSIPPI; ADAMS COUNTY
MISSISSIPPI SHERIFF'S DEPARTMENT; SHERIFF
TRAVIS PATTEN; CHIEF STANLEY SEARCY;
OFFICER WANILA WILLIAMS; OFFICER VATISHA
COLLINS; OFFICER CLEOPHUS ROBINSON;
JOHN DOES 1-5; AND ABC CORPS. 6-10**                **DEFENDANTS**

<u>**PLAINTIFFS' *SUPPLEMENT* TO MEMORANDUM AND
RESPONSE TO DEFENDANTS OFFICER WANILA WILLIAMS,
OFFICER VATISHA COLLINS,AND OFFICER CLEOPHUS
ROBINSON'S MOTION FOR JUDGMENT ON THE PLEADINGS**</u>

Russell Handjis, individually, and on behalf of his minor children, Jack Handjis and Tyler Handjis, as the wrongful death beneficiaries of Lacey Robinette Handjis, deceased; and Sherry Handjis, also on behalf of Jack Handjis and Tyler Handjis, the minor children of decedent Lacey Robinette Handjis, and hereby file this, their Supplement to Memorandum and Response to Defendants Williams, Collins, and Robinson's Motion for Judgment on the Pleadings.

Plaintiffs inadvertently omitted a section of their Memorandum and Response previously filed which shows or demonstrates how the factfinder may conclude that a jail official knew of a substantial risk from the very fact that the risk was obvious and acted indifferently.

In *Jones v. Jones County, MS*, 2024 WL 1604651, the decedent was a thirty-four year old with psychiatric issues and HIV+ and was detained at the Jones County detention facility. He

1

was held in an isolation cell that was monitored with a video surveillance system that fed into the control room. *Id* at 1. One of the defendants, officer Coleman, was assigned to the control room where she was to monitor the surveillance feed coming from the decedent's cell. *Id* at 2. The surveillance video showed the decedent struggling with physical movement between 6:00 and 10:53 a.m. *Id* at 2. During this time, his hands and head were clearly shaking, he could not stand up, and moved as if intoxicated. *Id* at 2. He struggled to remove his jumpsuit and covered himself with a blanket. *Id* at 2. He was shaking so bad he could barely take his medicine. *Id* at 2. To move around the cell, the decedent drug himself across the floor. *Id* at 2. Officer Dennis, one of the defendants, checked on him and observed the decedent lying naked on his bed and eating off the floor. The decedent stopped moving at 10:53 a.m. and was found deceased at 4:16 p.m.

Defendant Coleman moved for judgment on the pleadings based on qualified immunity and Judge Starrett correctly denied the motion for qualified immunity. Defendant Coleman argued that she did not have a subjective awareness that decedent's symptoms were related to HIV. *Id* at 5. The court found that to be "of no moment." *Id* at 5. "A factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was so obvious." *Id* at 5. "Decedent's medical emergency was an 'obvious' risk of harm, one not limited to someone suffering from HIV." *Id* at 5. The court found that "Even if decedent had not been suffering with HIV, **these conditions fall into the category of obvious medical emergencies to which an officer, tasked with visually monitoring and protecting her charge who has no method of verbally contacting her for help, must react with action, not inaction**" *Id* at 6.

Just as in *Coleman*, Officers Robinson, Williams, and Collins were tasked with monitoring Lacey and did look at the monitors and into the holding cell. Lacey was exhibiting undeniable signs of a medical emergency. It does not matter if the Officers knew the symptoms

2

were related to a particular condition. It only matters that they observed Lacey when she was acting erratic in holding cell, taking her clothes off, vomiting blood, her hands were shaking, checking her pulse, pounding on her chest, defecating while standing, becoming dizzy, loosing her balance and falling on the floor in her feces. <u>These are some of the same symptoms that Judge Starrett found fall in the category of obvious medical emergencies</u>. These Defendants all observed this, subjectively knew she had a serious problem and did nothing.

Different from the *Coleman* case, and what makes this case more egregious, is that Lacey, a nurse, was telling the Officers what her symptoms were and that those symptoms were a medical emergency. Not only was Lacey feeding the Officers information that constituted a medical emergency, the Officers watched the physical symptoms manifesting. It is disingenuous to turn a blind eye to Lacey and ignore her need for medical treatment then ask to be granted qualified immunity.

Plaintiffs respectfully request that the Court Deny Defendants Motion for Judgment on the Pleadings.

Respectfully submitted,


 /s/ *Jonathan P. Barrett*
Jonathan P. Barrett, MSB#102426
Barrett Law, PLLC
121 Colony Crossing, Suite D
Madison, MS 39110
Tel: 601-613-9141
Fax: 769-300-0922
jpb@barrettlawms.com

-AND-


3

/s/ *Eric Dillon*
Eric Dillon
Eric Dillon Law Firm, PLLC
216 West Jackson Street
Ridgeland, Mississippi 39157
601.906.5336
eric@ericdillonlawfirm.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2025, I electronically filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Jonathan P. Barrett*

4