**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**RUSSELL HANDJIS, INDIVIDUALLY, AND ON BEHALF**
**OF THE WRONGFUL DEATH BENEFICIARIES OF**
**LACEY ROBINETTE HANDJIS; AND**
**SHERRY HANDJIS, ON BEHALF OF JACK HANDJIS**
**AND TYLER HANDJIS, MINOR CHILDREN OF**
**LACEY ROBINETTE HANDJIS**                                                   **PLAINTIFFS**

**v.**                                                   **CAUSE NO. 5:25-cv-0005-DCB-BWR**

**ADAMS COUNTY, MISSISSIPPI; ADAMS COUNTY**
**MISSISSIPPI SHERIFF'S DEPARTMENT; SHERIFF**
**TRAVIS PATTEN; CHIEF STANLEY SEARCY;**
**OFFICER WANILA WILLIAMS;**
**OFFICER VATISHA COLLINS; OFFICER CLEOPHUS**
**ROBINSON; and JOHN DOES 1-5; AND ABC CORPS. 6-10**
**DEFENDANTS**

---

### PLAINITFFS' UNOPPOSED MOTION TO FILE UNDER SEAL

---

COME NOW, all named Plaintiffs to this lawsuit, by and through counsel, and pursuant

to L.U.Civ.R. 79(e), submit this, their Memorandum in Support of Their Unopposed Motion to

File Certain Exhibits Under Seal.  In support thereof, Plaintiffs rely upon their Non-Confidential

Memorandum and incorporate the same by reference as if fully reproduced, and would show

unto this Court as follows:

1.   In support of Plaintiffs' Amended Complaint, Plaintiffs rely upon the videos and

audio of the Adams County Jail holding cell in which decedent Lacey Handjis occupied at all

times material to this case.  Plaintiffs also rely on digital still photographs taken from video of

the holding cell, the control room, and the hallway.

2.   Mrs. Handjis is nude in most of the <u>holding cell</u> video.  She also vomits repeatedly.

At least three times, she vomits blood.  And, she loses her bowels onto the floor.  Mrs. Handjis

was under emotional distress, which is captured in the video and audio of the holding cell.  Her

death is also captured in the video. It is a graphic scene. The holding cell video is referenced in the Amended Complaint as Exhibit C.

3. Exhibit F referenced in the Amended Complaint is a collection of digital still images in the holding cell, hallway, and control room videos of (a) Lacie Handjis, partially clothed and her blood she had vomited remains in the sink bowl of the holding cell; (b) Officer Collins in the control room looking at the video monitors (c) in the hallway, Lacey's pants she had removed, along with bloody water Lacie had taken from the holding cell sink bowl and placed on the hallway floor; and (d) in the hallway, Office Robinson and another man walking by the aforesaid bloody water and Lacey's pants.

4. Exhibit G referenced in the Amended Complaint is a collection of digital still images of Officer Williams peering into the holding cell; and Lacey Handjis laying nude on the floor of the floor in her feces, face-down; and Officers Williams and Robinson in the control room looking at the video monitors.

5. Due to the graphic nature of these videos and digital stills contained in these exhibits, and in order to protect the and respect the dignity of decedent Lacey Handjis and her two young children, these exhibits should be sealed to prevent access by the public. The risk associated with allowing these exhibits to be public include her two young children, at any time in their lives, viewing the exhibits which most likely would cause trauma. While the public does have an interest in access to court records, allowing the public to watch Lacey in the time in the video leading up to her death, and including her death and the time there, provides no benefit to the public. Protecting Lacey's young children here outweighs the public's interest.

6. Plaintiffs respectfully request that the Court grant this Motion and enter an order

sealing from any access by the public and the litigants' counsel the exhibits addressed herein, and granting Plaintiffs all other relief to which they may be entitled.

7. Plaintiffs incorporate by reference the Declaration of Jonathan Barrett attesting to the facts stated herein and attached as Exhibit 1 and also Plaintiffs' Memorandum on this matter.

8. Adams County, Mississippi, Sheriff Tyree Jones, and Chief Stanley Searcy do not adopt or concede Plaintiffs' factual assertions or inferences in this Motion, supporting Memorandum, or Declaration. Nevertheless, the County, Sheriff Jones, and Chief Searcy **do not oppose** the relief sought, *i.e.*, the sealing of exhibits, but reserve and do not waive all arguments and objections to Plaintiffs' allegations and factual assertions in this Motion and supporting Memorandum along with the exhibits themselves and the attached Declaration.

9. Officers Williams, Collins and Robinson do not adopt or concede Plaintiffs' factual assertions or inferences in this Motion, supporting Memorandum, or Declaration. Nevertheless, Officers Williams, Collins and Robinson **do not oppose** the relief sought, *i.e.*, the sealing of exhibits, but reserve and do not waive all arguments and objections to Plaintiffs' allegations and factual assertions in this Motion and supporting Memorandum along with the exhibits themselves and the attached Declaration.

### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court grant Plaintiffs' Unopposed Motion and enter an order sealing any access by the public to File Certain Exhibits Under Seal, and enter an order sealing from any access by the public the exhibits addressed herein, and granting Plaintiffs all other relief to which they are entitled.

Respectfully submitted,


 /s/ *Jonathan P. Barrett*
Jonathan P. Barrett, MSB#102426
Barrett Law, PLLC
121 Colony Crossing, Suite D
Madison, MS 39110
Tel: 601-790-1505
Fax: 769-300-0922
jpb@barrettlawms.com


Eric Dillon
Eric Dillon Law Firm, PLLC
216 West Jackson Street
Ridgeland, Mississippi 39157
601.906.5336
eric@ericdillonlawfirm.com


## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2025, I electronically filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

 /s/ *Jonathan P. Barrett*