**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**RUSSELL HANDJIS, ET AL.**                                                **PLAINTIFFS**

**V.**                                                **CAUSE NO. 5:25-cv-00005-DCB-BWR**

**ADAMS COUNTY, MISSISSIPPI, ET AL.**                                **DEFENDANTS**

**ADAMS COUNTY, MISSISSIPPI, SHERIFF TRAVIS
PATTEN, AND CHIEF STANLEY SEARCY'S MOTION FOR SUMMARY
JUDGMENT REGARDING PLAINTIFFS' MUNICIPAL LIABILITY CLAIMS**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Court's Case Management Order [ECF No. 21] ("CMO"), Adams County, Mississippi, Sheriff Travis Patten, and Chief Stanley Searcy (jointly the "County")[1] submit their Motion for Summary Judgment Regarding Plaintiffs' Municipal Liability Claims.

In support of the same, the County—as required by Rule 7(b)(4) of the Local Uniform Civil Rules of the United States District Courts for the Northern and Southern Districts of Mississippi—is simultaneously filing a memorandum brief setting forth arguments and authorities related to the grounds below for this Court to grant the County's Motion and dismiss Plaintiffs' municipal liability claims against the County.

1.      The Court must dismiss Plaintiffs' official capacity claims against Sheriff Patten and Chief Searcy in their official capacities because they are duplicative of Plaintiffs' municipal liability claims against Adams County.

---

[1] Plaintiffs' official capacity claims against Sheriff Patten and Chief Searcy are simply claims against Adams County, Mississippi, which merits dismissal of the official capacity claims against Sheriff Patten and Chief Searcy as they are duplicative of those against the County. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

2.     The Court must dismiss Plaintiffs' municipal liability claims against the County in their entirety because Plaintiffs lack record evidence sufficient to medically prove causation, *i.e.*, the lethal, wrongful conduct, which is an essential element of Plaintiffs' wrongful death claim regarding Lacey Robinette Handjis ("Decedent").

3.     The Court must also dismiss Plaintiffs' constitutional violation claims against the County in their entirety because Plaintiffs' inability to demonstrate causation through record evidence precludes Plaintiffs' claims for Decedent's alleged constitutional violations.

4.     To the extent the Court analyzes Plaintiffs' constitutional violation claims against the County, the Court must nevertheless dismiss them because Plaintiffs lack record evidence to establish essential elements of Plaintiffs' claims, *i.e.*, there can be no genuine issue as to any material fact.

5.     The Court must also dismiss Plaintiffs' "loss of chance" claim (that Decedent's death could have been prevented with intervention) against the County as it is not a viable claim for relief under Mississippi's wrongful death statute and 42 U.S.C. § 1983.

6.     In addition, the Court must dismiss Plaintiffs' wrongful death claim against the County because Plaintiffs, after adequate time for discovery, failed to provide record evidence via a qualified medical expert to demonstrate the County proximately caused Decedent's death.

7.      The Court must also dismiss Plaintiffs' *Monell*[2] claim against the County because Plaintiffs lack record evidence to establish each of *Monell*'s three elements.

8.      Furthermore, the Court must dismiss Plaintiffs' condition of confinement claim against the County because Plaintiffs lack record evidence to demonstrate a pervasive pattern of unconstitutional jail conditions, *i.e.*, Plaintiffs lack record evidence of sufficiently numerous prior incidents similar to those at issue in this case (alleged denial of medical care to pretrial detainees with mental conditions during the overnight shift).

9.      In the event Plaintiffs rely on record evidence that is hearsay, that evidence is insufficient to prevent summary judgment.

10.     Finally, the Court must grant the County summary judgment in this matter because the record lacks, or is absent of, evidence sufficient to establish the existence of elements essential to their claims and case, *i.e.*, there can be no genuine issue as to any material fact.

11.     In support of the foregoing grounds for dismissal, the County relies on:

**Exhibit 1:**   November 7, 2025, email

**Exhibit 2:**   Plaintiffs' Initial Disclosures

WHEREFORE, PREMISES CONSIDERED, based upon the grounds above, which are set forth in greater detail within Adams County, Mississippi, Sheriff Travis Patten, and Chief Stanley Searcy's supporting Memorandum of Authorities, Adams County,

---

[2] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

Sheriff Patten, in his official capacity, and Chief Searcy, in his official capacity, respectfully request the Court grant them summary judgment and dismiss Plaintiffs' municipal liability claims with prejudice.

**DATE:**        **December 11, 2025.**

Respectfully submitted,

**ADAMS COUNTY, MISSISSIPPI, SHERIFF TRAVIS PATTEN, IN HIS OFFICIAL CAPACITY, AND CHIEF STANLEY SEARCY, IN HIS OFFICIAL CAPACITY**

BY:      /s/*Lance W. Martin*
            One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Butler Snow, LLP
1020 Highland Colony Pkwy
Suite 1400
Ridgeland, MS 39157
Tel. 601-948-5711
Fax 601-985-4500
will.allen@butlersnow.com
lance.martin@butlersnow.com

4

**CERTIFICATE OF SERVICE**

I, the undersigned of Butler Snow LLP, one of the attorneys for Adams County, Mississippi, Sheriff Travis Patten, and Chief Stanley Searcy, hereby certify that on this day, I electronically filed the foregoing Memorandum of Authorities in Support of Motion for Summary Judgment Regarding Plaintiffs' Municipal Liability Claims with the Clerk of the Court using the ECF system, which shall give notice to all counsel of record including, but not limited to:

> Eric Dillon, Esq.
> ERIC DILLON LAW FIRM, PLLC
> 216 West Jackson Street
> Ridgeland, Mississippi 39157
> eric@ericdillonlawfirm.com
>
> Jonathan P. Barrett, Esq.
> BARRETT LAW, PLLC
> 121 Colony Crossing, Suite D
> Madison, Mississippi 39110
> jpb@barrettlawms.com
> *Attorneys for Plaintiff*

The 11th day of December, 2025.

/s/*Lance W. Martin*
OF COUNSEL

98728422.v1