**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**RUSSELL HANDJIS, ET AL.**                                               **PLAINTIFFS**

**V.**                                              **CAUSE NO. 5:25-cv-00005-DCB-BWR**

**ADAMS COUNTY, MISSISSIPPI, ET AL.**                        **DEFENDANTS**

**ADAMS COUNTY, MISSISSIPPI, SHERIFF TRAVIS**
**PATTEN, AND CHIEF STANLEY SEARCY'S MOTION FOR SUMMARY**
**JUDGMENT REGARDING INDIVIDUAL CAPACITY CLAIMS**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Court's Case Management Order [ECF No. 21] ("CMO"), Sheriff Travis Patten, and Chief Stanley Searcy, in their individual capacities, submit their Motion for Summary Judgment Regarding Plaintiffs' Individual Capacity Claims.

In support of the same, Sheriff Patten and Chief Searcy—as required by Rule 7(b)(4) of the Local Uniform Civil Rules of the United States District Courts for the Northern and Southern Districts of Mississippi—are simultaneously filing a memorandum brief setting forth arguments and authorities related to the grounds below for this Court to grant Sheriff Patten and Chief Searcy's Motion and dismiss Plaintiffs' individual capacity claims against them.

1.      The Court must dismiss Plaintiffs' individual liability claims against Sheriff Patten and Chief Searcy in their entirety because Plaintiffs lack record evidence to medically prove causation, *i.e.*, the lethal, wrongful conduct, which is an essential element of Plaintiffs' wrongful death claim regarding Lacey Robinette Handjis ("Decedent").

2.      The Court must also dismiss Plaintiffs' remaining constitutional violation claims against Sheriff Patten and Chief Searcy in their entirety because Plaintiffs' inability to demonstrate causation through record evidence precludes Plaintiffs' claims for Decedent's alleged constitutional violations.

3.      To the extent the Court analyzes Plaintiffs' constitutional violation claims against Sheriff Patten and Chief Searcy, the Court must nevertheless dismiss them because the record lacks, or is absent of, evidence sufficient to establish the existence of elements essential to Plaintiffs' claims and case, *i.e.*, there can be no genuine issue as to any material fact.

4.      The Court must also dismiss Plaintiffs' "loss of chance" claim (that Decedent's death could have been prevented with intervention) against Sheriff Patten and Chief Searcy as it is not a viable claim for relief under Mississippi's wrongful death statute and 42 U.S.C. § 1983.

5.      Moreover, the Court must also dismiss Plaintiffs' wrongful death claim against Sheriff Patten and Chief Searcy because Plaintiffs, after adequate time for discovery, failed to provide record evidence via a qualified medical expert to demonstrate Sheriff Patten and/or Chief Searcy personally proximately caused Decedent's death.

6.      In the event Plaintiffs rely on record evidence that is hearsay or otherwise unsworn, that evidence is insufficient to prevent summary judgment.

7.      To the extent the Court does not dismiss Plaintiffs' claims and case in their entirety based on the lack of record evidence to establish wrongful, lethal conduct by

either Sheriff Patten or Chief Searcy, the Court must nevertheless dismiss Plaintiffs' individual capacity claims against them because Plaintiffs otherwise lack record evidence to sustain each element of their individual capacity claims.

8.     The Court must dismiss Plaintiffs' failure to adopt policies claim against Sheriff Patten and Chief Searcy because the record evidence is insufficient to demonstrate either Sheriff Patten or Chief Searcy acted with deliberate indifference regarding the overnight medical care of pretrial detainees with mental conditions.

9.     In addition, the Court must dismiss Plaintiffs' failure to adopt policies claim against Sheriff Patten and Chief Searcy because the record is absent of evidence of sufficiently numerous prior incidents with the requisite similarity to Plaintiffs' claims.

10.    Furthermore, the Court must dismiss Plaintiffs' implementation of unconstitutional policies claim against Sheriff Patten and Chief Searcy because Plaintiffs lack record evidence sufficient to demonstrate either Sheriff Patten or Chief Searcy implemented a policy to deny overnight medical care to pretrial detainees with mental conditions.

11.    The Court must also dismiss Plaintiffs' failure to discipline, supervise, and train claims against Sheriff Patten and Chief Searcy because Plaintiffs lack the requisite record evidence to support the elements of the claims, including establishment of deliberate indifference.

12.    Moreover, the Court must also dismiss Plaintiffs' deliberately indifferent hiring claim against Sheriff Patten and Chief Searcy because Plaintiffs' lack the requisite record evidence to support the elements of the claims, including establishment of

deliberate indifference.

13.    In the event the Court finds the record evidence is sufficient for Plaintiffs' constitutional claims, the Court must nevertheless dismiss Plaintiffs' individual capacity claims against Sheriff Patten and Chief Searcy based on qualified immunity because Plaintiffs lack record evidence sufficient to demonstrate Sheriff Patten's and/or Chief Searcy's individual and personal conduct violated clearly established law.

14.    In support of the foregoing grounds for dismissal, the County relies on:

**Exhibit 1:**    November 7, 2025, email

**Exhibit 2:**    Plaintiffs' Initial Disclosures

WHEREFORE, PREMISES CONSIDERED, based upon the grounds above, which are set forth in greater detail within Sheriff Travis Patten and Chief Stanley Searcy's supporting Memorandum of Authorities, Sheriff Patten, in his individual capacity, and Chief Searcy, in his individual capacity, respectfully request the Court grant them summary judgment and dismiss Plaintiffs' individual capacity claims against them with prejudice.

**DATE:**    **December 11, 2025.**

Respectfully submitted,

**SHERIFF TRAVIS PATTEN, IN HIS INDIVIDUAL CAPACITY, AND CHIEF STANLEY SEARCY, IN HIS INDIVIDUAL CAPACITY**

BY:    /s/*Lance W. Martin*
    One of Their Attorneys

4

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Butler Snow, LLP
1020 Highland Colony Pkwy
Suite 1400
Ridgeland, MS 39157
Tel. 601-948-5711
Fax 601-985-4500
will.allen@butlersnow.com
lance.martin@butlersnow.com

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned of Butler Snow LLP, one of the attorneys for Sheriff Travis Patten, in his individual capacity, and Chief Stanley Searcy, in his individual capacity, hereby certify that on this day, I electronically filed the foregoing Motion for Summary Judgment Regarding Individual Capacity Claims with the Clerk of the Court using the ECF system, which shall give notice to all counsel of record including:

> Eric Dillon, Esq.
> ERIC DILLON LAW FIRM, PLLC
> 216 West Jackson Street
> Ridgeland, Mississippi 39157
> eric@ericdillonlawfirm.com
>
> Jonathan P. Barrett, Esq.
> BARRETT LAW, PLLC
> 121 Colony Crossing, Suite D
> Madison, Mississippi 39110
> jpb@barrettlawms.com
> *Attorneys for Plaintiff*

5

Daniel J. Griffith, Esq.
Arnold U. Luciano, Esq.
Nicholas J. McClain, Esq.
JACKS GRIFFITH LUCIANO, P.A.
P.O. Box 1209
Cleveland, MS 38732
dgriffith@jlpalaw.com
aluciano@jlpalaw.com
nick@jlpalaw.com
> *Attorneys for Defendants, Williams,*
> *Collins and Robinson*

The 11th day of December, 2025.

/s/*Lance W. Martin*
OF COUNSEL

98731002.v1