**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**RUSSELL HANDJIS, INDIVIDUALLY, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF LACEY ROBINETTE HANDJIS; AND SHERRY HANDJIS, ON BEHALF OF JACK HANDJIS AND TYLER HANDJIS, MINOR CHILDREN OF LACEY ROBINETTE HANDJIS** **PLAINTIFFS**

**v.** **CAUSE NO. 5:25-cv-00005-KS-BWR**

**ADAMS COUNTY, MISSISSIPPI; ADAMS COUNTY MISSISSIPPI SHERIFF'S DEPARTMENT; SHERIFF TRAVIS PATTEN; CHIEF STANLEY SEARCY; LIEUTENANT CHARLES CLEMONS; MASTER SEARGENT BRENDA RUSSELL; JAILER SHARTA TYMS; JOHN DOES 1-5; AND ABC CORPS. 6-10** **DEFENDANTS**

## PLAINTIFFS' RULE 26(a) INITIAL DISCLOSURES

**A. Rule 26((a)(1)(A)(i)** The name and, if known, the address and telephone number of each individual likely to have discoverable information---along with the subjects of that information---that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

1. Plaintiffs;
2. Defendants;
3. Russell Handjis, husband;
4. Sherry Handjis, mother-in-law;
5. Connie Robinette, mother;
6. Charles Robinette, brother;
7. Jack and Tyler Handjis, sons;
8. Compassus, employer;
9. Lacey's friends and family;

EXHIBIT
2

10. Investigators that investigated Lacey's death;

11. Coroner James Lee;

12. AMR

13. Adam Purser, Mississippi Bureau of Investigation;

14. Bryan J. Platt, MD, conducted autopsy;

15. Frank J. Peretti, MD, conducted autopsy;

16. Any experts retained by the parties;

17. Any witness listed on Defendants' initial disclosures

18. Any individuals identified in discovery;

Plaintiffs reserve the right to supplement this response.

B. **Rule 26(a)(1)(A)(ii)** A copy or a description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:

1. Independent autopsy report;
2. Items produced by the Defendants.

C. **Rule 26(a)(1)(A)(iii):** A computation of each category of damages claimed by the disclosing party---who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

1. <u>Non-economic damages</u>: the largest amount allowed under Mississippi law
   a. Pain and suffering of decedent;
   b. Loss of enjoyment of life;

c. Loss of consortium, attention, guidance, companionship, cooperation, and society.

2. Economic damages:

a. Lost wages: to be determined;

b. Lost earning capacity: to be determined;

c. Lost household services: to be determined; and

d. All expenses related to the death and burial of decedent Handjis: to be determined.

3. Punitive Damages and Attorney Fees

4. Any other damages allowable by Mississippi law

D. **Rule 26(a)(1)(A)(iv):** For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgement: Not applicable to the Plaintiffs.

Respectfully,

By: */s/ Jonathan P. Barrett*

Jonathan P. Barrett, Esq. (MSB #102426)
BARRETT LAW, PLLC
121 Colony Crossing, Suite D
Madison, Mississippi 39110
601-790-1505 office
769-300-0922 facsimile
jpb@barrettlawms.com
**Attorney for the Plaintiff**

Eric Dillon (MSB # 100958)
ERIC DILLON LAW FIRM, PLLC
216 West Jackson Street
Ridgeland, Mississippi 39157
601.906.5336
eric@ericdillonlawfirm.com
Attorney for the Plaintiff