RUSSELL HANDJIS, INDIVIDUALLY, AND ON BEHALF
OF THE WRONGFUL DEATH BENEFICIARIES OF
LACEY ROBINETTE HANDJIS; AND
SHERRY HANDJIS, ON BEHALF OF JACK HANDJIS
AND TYLER HANDJIS, MINOR CHILDREN OF
LACEY ROBINETTE HANDJIS

**PLAINTIFFS**

     v.                            **CAUSE NO. 5:25-cv-0005-DCB-BWR**

ADAMS COUNTY, MISSISSIPPI; ADAMS COUNTY
MISSISSIPPI SHERIFF'S DEPARTMENT; SHERIFF
TRAVIS PATTEN; CHIEF STANLEY SEARCY;
OFFICER WANILA WILLIAMS;
OFFICER VATISHA COLLINS; OFFICER CLEOPHUS
    ROBINSON; and JOHN DOES 1-5; AND ABC CORPS. 6-10

**DEFENDANTS**

---

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' URGENT AND NECESSITOUS MOTION TO RECONSIDER COURTS' SUA SPONTE ORDER MADE FOR CASE MANAMAGEMENT PURPOSES [Doc. 79]

---

COME NOW, the Plaintiffs, by and through counsel, and, pursuant to Local Uniform Civil Rule 7(b)(8) and Rule 54(b) of the Federal Rules of Civil Procedure, submit this, their Memorandum in Support of Plaintiffs' Urgent and Necessitous Motion to Reconsider Court's Sua Sponte Order Made For Case Management Purposes [Doc.79].

### LAW AND ARGUMENT

Local Uniform Civil Rule 7(b)(8) addresses matters which are urgent and necessitous. "When the motion relates to an urgent or necessitous matter, counsel for the movant must contact the courtroom deputy, or other staff member designated by the judge, and arrange a definite time

and place for the motion to be heard.  In such cases, counsel for movant must file a written notice to all other parties of the time and place fixed by the court for the hearing and must serve all documents upon other parties.  A motion filed under this rule must be styled as an "URGENT AND NECESSITOUS MOTION." Upon receipt of the motion, the court in its discretion may direct counsel to submit memorandum briefs for the court's consideration.

Under Rule 54(b), the trial court's discretion to reconsider an interlocutory order is broad and flexible.  "When assessing a motion for reconsideration, courts are required to 'strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts.'"  *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

"District courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order.  The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Rule 59(e), which is in turn less exacting than the standards enunciated in Rule 60(b)."  *First Service Bank v. World Aircraft, Inc*., 2025 WL 714452, at \*38 (S.D. Miss. March 5, 2025)(quoting *Wiley v. Dept. of Energy*, 2021 WL 2291135, at \*1 (E.D. La. June 4, 2021).

As the Fifth Circuit articulated in the foundational case, *Little v. Liquid Air Corp*., 37 F.3d 1069 (5th Cir. 1994) and as repeatedly reaffirmed in cases such as *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017) — "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."  This standard reflects the district court's inherent power to grant relief from interlocutory orders as justice requires.  *Austin v. Kroger Texas, L.P.*, 864 F.3d 326 (5th Cir. 2017).

Fifth Circuit district courts have articulated a four-factor framework that, while not strictly required, provides guidance for analyzing Rule 54(b) motions. Courts commonly consider whether: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law. *Gulf Fleet Tiger Acquisition, L.L.C. v. Thomas-Sea Ship Builders, L.L.C.*, 282 F.R.D. 146, 152 (E.D. La. April 5, 2012). A movant must demonstrate at least one of these factors to prevail on reconsideration. *Namer v. Scottsdale Insurance Company*, 314 F.R.D. 392, 395 (E.D. La. April 5, 2016). As further explained in *Meaux v. Cooper Consolidated, LLC*, 601 F.Supp.3d 38 (E.D. La, May 3, 2022), Rule 54(b)'s approach to interlocutory reconsideration can be more flexible than Rule 59(e), reflecting the inherent power of the rendering district court to afford relief from interlocutory judgments as justice requires.

### A. Plaintiffs' subject Motion is urgent and necessitious in order to correct manifest errors of law, manifest errors of fact, and to prevent manifest injustice.

All of the following, save the discussion of the subject order, itself, was set forth in Plaintiffs' Motion for a New Case Management Order and Continuance and their Supporting Memorandum [Docs. 71 & 72] and Plaintiffs' Motion to Hold County Defendants' Motions for Summary Judgment in Abeyance [Doc. 74].

On April 17, 2026, the District Judge entered an order *sua sponte* for case management purposes. [Doc. 79]. In this order, the Court does the following: (1) it directs Plaintiffs to respond to the County Defendants' pending multiple summary judgment pleadings; (2) it states that the Court will continue to not permit discovery until after the qualified immunity defense filed by the individual Defendants has been resolved (which is something that the parties already

knew based upon the claims and applicable law in the case); (3) it states that if the case survives the pending dispositive motions—(A) County Defendants' summary judgment motions; and (B) Individual Defendants' qualified immunity motion to dismiss---then the parties are to contact the magistrate judge to set a status/scheduling conference; (4) it states that Plaintiffs' "Motion for a New Case Management Order and Continuance [ECF No. 71] is granted in part and denied without prejudice in part, with leave to re-urge the request for extension of deadlines before Magistrate Judge Rath, in the case survives the dispositive motions." [Doc. 79].

But, what the order does not state is whether or not the Plaintiffs will be allowed to designate experts before they have to respond to the County Defendants multiple summary judgment motions. The Plaintiffs obviously must be able to designate their experts prior responding to these summary judgment motions and also use that expert testimony in any such summary judgment response. Plaintiffs obviously must also be able to conduct written discovery and take depositions prior to responding to any summary judgment motion. Indeed, this is true of all cases litigated in the courts in our country. And, this is why all case scheduling orders are set up, so that the parties will have the opportunity to engage in discovery prior to, and after, the designation of experts; and it is the reason why all dispositive motion deadlines are always set to fall *after* the discovery deadline.

Importantly, there has been no written discovery taken in this case. There have been no depositions taken, either. Other than the video evidence exchanged via initial disclosures in the summer of 2025, there has been no evidence exchanged between the parties. Essentially, this case is in the same posture with regards to discovery as it was last summer, which was nine (9) months ago. We have been in a holding pattern because the Plaintiffs timely amended their original complaint in the summer of 2025 and because the individual Defendants filed a qualified

immunity motion to dismiss within days after they filed their collective answer to the Amended Complaint, which caused discovery to be stayed.

The Court has done three things that has created the procedural quagmire, upon which the County Defendants have seized via their improperly-timed summary judgment motions, something they have done with unclean hands. **First**, the Magistrate Judge very clearly represented to the parties during the May 27, 2025 teleconference that the deadlines in place at that time would remain merely as "markers," and that they would become moot upon the Plaintiffs' filing their Amended Complaint. The County Defendants understood this and represented that they would be filing a qualified immunity motion soon after the Individual Defendants entered the case. On June 16, 2025, the Plaintiffs did, in fact, file their Amended Complaint. Therefore, all of the case deadlines were to be reset upon the newly-added Individual Defendants' filing answers to the Amended Complaint. So, when the Plaintiffs' expert designation deadline of September 2, 2025, approached, the Plaintiffs thought nothing of it because that deadline, as the others, had become moot. This was two months before the Individual Defendants even filed their answers to the Amended Complaint. Consequently, the Plaintiffs did not designate experts at that time.

The **second** thing the Court did was on November 6, 2025. The Court entered a text-only order due to the case being reassigned to Judge Bramlette. In that order, the Court simply extended the pretrial conference and trial date by three months each. The text-only order also said all other deadlines would remain the same. This appeared to Plaintiffs as a text-order that rhymed with the other text-only orders made in Judge Starrett's cases that were being reassigned

to Judge Bramlett or other judges.  The Court did not schedule a case management conference, though, as the Plaintiffs and the County Defendants expected.[1]

This is where the County Defendants pivoted to produce the subject prematurely-filed summary judgment motions, which they filed on December 11, 2025.  Shortly thereafter, on December 23, 2025, the Court entered and order granting the Individual Defendants' Motion to Stay Discovery [Doc. 75b].

On December 22, 2025, the District Court Judge entered an order [Doc. 75] granting Plaintiffs' Motion to Hold County Defendants' Motions for Summary Judgment in Abeyance. [Doc. 74].  In that order, the District Court Judge wrote that "Plaintiffs' responses to the Motions for Summary Judgment, see [65], [67], [69], are currently due by December 36, 2025.  However, Plaintiffs has also filed a Motion for a New Case Management Order and Continuance [71], which is currently pending before Magistrate Judge Rath, and who has scheduled a telephonic status conference or December 23, 2025, at 9:00 a.m...the Court finds that it should be granted to the extent that Plaintiffs' deadline for responding to the Motions [65], [66], and [69] is extended until further notice." [Doc. 75].

And, on December 23, 2025, Magistrate Judge Rath did hold the teleconference.  [Doc. 75a].  In it, the County Defendants' attorney told Judge Rath that the County preferred to file a response in opposition to the Plaintiffs' Motion for a New Case Management Order and

---

[1] On July 24, 2025, the Plaintiffs filed a notice of intent to serve subpoenas.  [Doc. No. 31]. The reason for this was to obtain wages information and documentation from Plaintiffs' decedent's former employers, so that Plaintiffs could respond to the County Defendants' request for a settlement demand. The County Defendants objected to serving subpoenas or conducting discovery.  Specifically, counsel for the County Defendants wrote, **"Since you filed an Amended Complaint, everything reset. Since all parties have not been served yet, the Court hasn't scheduled a Rule 16(a) conference, which means Rule 26 hasn't kicked in yet. To that end, your notice of intent to serve subpoenas is procedurally improper."**

Continuance, instead of Judge Rath making a ruling on the issue of the original Plaintiffs' Expert Designation Deadline September 2, 2025, being, in fact, moot. The County Defendants went on to file their response in opposition on January 5, 2026. [Docs. 76 & 77]. The Plaintiffs were confident based on the facts and circumstances that their motion [71] which was then-pending before Magistrate Judge Rath would be granted. However, Judge Rath never ruled on it-- Plaintiffs' Motion for a New Case Management Order and Continuance.

Prior to filing the present case, Plaintiffs' counsel had reviewed, among other things, the procedural history of *Jones v. Jones County, Miss., et. al.*, which is a case that was recently litigated in the Southern District of Mississippi. (see *Jones v. Jones County, Miss., et. al.*, Civil Action No. 2:22-cv-93 in the U.S. District Court for the Southern District of Mississippi, Eastern Division (2024)). In *Jones v. Jones County*, which was litigated in Judge Starrett's court, the defendants were represented by the same attorneys who now represent the County Defendants and the Individual Defendants. (Civil Docket Sheet, attached hereto as Exhibit "A"). Similar to the present case, that case involved the tragic death of a person held in a county detention center who was under the custody, care and supervision of the county. (Exh. "A", No. 109). In that case, according to the Civil Docket Sheet, the court periodically reset all deadlines, including the plaintiffs' expert designation deadline. All of the case deadlines were reset after the plaintiffs filed their Second Amended Complaint, for example. (Exh. "A", Nos. 94, 100). All new deadlines, including the plaintiffs' expert designation deadline, were reset, again, well into the case. (Exh. "A", Nos. 117 & 118). In *Jones*, there was no procedural mischief calculated to take advantage of that court's errors like there is here by the County Defendants via their premature summary judgment motions filings.

The **third** thing the Court did to create this procedural quagmire was to enter the subject order on April 17, 2026. It was signed by District Court Judge Bramlett. Because this order was made *sua sponte* for case management purposes, only, and based on the way the order is written, and under the circumstances, the strong implication is that the substance of Plaintiffs' two motions referenced in this order were not even considered at all.

Again, in the April 17, 2026 order, the Court does the following: (1) it directs Plaintiffs to respond to the County Defendants' pending multiple summary judgment pleadings; (2) it states that the Court is continue to not permit discovery until after the qualified immunity defense filed by the individual Defendants has been resolved (which is something that the parties already knew based upon the claims and applicable law in the case); (3) it states that if the case survives the pending dispositive motions—(A) County Defendants' summary judgment motions; and (B) Individual Defendants' qualified immunity motion to dismiss---then the parties are to contact the magistrate judge to set a status/scheduling conference; (4) it states that Plaintiffs' "Motion for a New Case Management Order and Continuance [ECF No. 71] is granted in part and denied without prejudice in part, with leave to re-urge the request for extension of deadlines before Magistrate Judge Rath, in the case survives the dispositive motions.

So, as it stands now, the Plaintiffs must respond to the County Defendants' multiple summary judgment motions within fourteen (14) days of the April 17, 2026 order. It appears that the Plaintiffs will not be allowed by the Court to designate experts prior to responding to County Defendants' multiple summary judgment motions as the discovery is this case remains stayed. Plaintiffs will also not be allowed to conduct meaningful discovery and depositions prior to responding to these summary judgment motions. Critically, the Plaintiffs will not be able to survive these summary judgment motions without being able to rely on their experts and also on

more evidence obtained in discovery, which, of course, has not taken place, other than the video evidence being provided to the Plaintiffs in the summer of 2025. The obvious result of all of this is manifest error of law, manifest error of fact, and clearly manifest injustice to the Plaintiffs.

Please, all the Plaintiffs ask is to simply allow their case to be decided based on the merits, and not summarily and prematurely flushed due to the aforesaid procedural errors, all of which were inadvertently created by the Court, yet, all of which may be easily cured by the Court.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, the Plaintiffs respectfully request the Court to grant this, their Urgent and Necessitous Motion to Reconsider Court's Sua Sponte Order Made For Case Management Purposes [Doc. 79] and to grant all of the relief Plaintiffs sought in their Motion for a New Case Management Order and Continuance [Doc. 71], which includes the original Plaintiffs' expert designation being reset, along with all other deadlines; Plaintiffs also request that the Court set the date for them to respond to the County Defendants' pending summary judgment motions some time after the discovery period ends in this case.

Dated: April 20, 2026.

Respectfully submitted,

 /s/ *Jonathan P. Barrett*
Jonathan P. Barrett, MSB#102426
Barrett Law, PLLC
121 Colony Crossing, Suite D
Madison, MS 39110
Tel: 601-790-1505
Fax: 769-300-0922
jpb@barrettlawms.com

-AND-

___/s Eric Dillon_____

Eric Dillon
Eric Dillon Law Firm, PLLC
216 West Jackson Street
Ridgeland, Mississippi 39157
601.906.5336
eric@ericdillonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, I electronically filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Jonathan P. Barrett*