**RUSSELL HANDJIS, ET AL.**                                     **PLAINTIFFS**

**V.**                              **CAUSE NO. 5:25-cv-00005-DCB-BWR**

**ADAMS COUNTY, MISSISSIPPI, ET AL.**                   **DEFENDANTS**

### SHERIFF TRAVIS PATTEN AND CHIEF STANLEY SEARCY'S MOTION
### <u>FOR JUDGMENT ON THE PLEADINGS BASED ON QUALIFIED IMMUNITY</u>

Sheriff Travis Patten and Chief Stanley Searcy of the Adams County Sheriff's Department submit their Motion for Judgment on the Pleadings Based on Qualified Immunity.

In support of the same, Sheriff Patten and Chief Searcy—as required by L.U. Civ. R. 7(b)(4)—are simultaneously filing a memorandum brief setting forth arguments and authorities related to the grounds below for this Court to grant Sheriff Patten and Chief Searcy's Motion and dismiss Plaintiffs' individual capacity claims against them, if any, with prejudice.

1. The Court must dismiss Plaintiffs' claims against Sheriff Patten and Chief Searcy because Plaintiffs fail to plausibly allege Sheriff Patten or Chief Searcy personally violated Lacey Robinette Handjis' ("Decedent") constitutional rights.

2. The Court must dismiss Plaintiffs' claims against Sheriff Patten and Chief Searcy because Plaintiffs' allegations overwhelmingly concern supervisory status, policymaking authority, and official capacity conduct rather than individualized conduct.

3. The Court must dismiss Plaintiffs' claims against Sheriff Patten and Chief Searcy because Plaintiffs impermissibly rely on conclusory and collective allegations against multiple "Defendants" without specifically alleging who committed which constitutional violation.

4. The Court must dismiss Plaintiffs' claims against Sheriff Patten and Chief Searcy because Plaintiffs fail to plausibly allege any sufficient causal connection between Sheriff Patten's

or Chief Searcy's conduct and the alleged constitutional deprivation.

5. The Court must dismiss Plaintiffs' unconstitutional policy claims against Sheriff Patten and Chief Searcy because Plaintiffs fail to plausibly allege either of them implemented, maintained, or was deliberately indifferent to an unconstitutional policy causally connected to the alleged constitutional deprivation.

6. The Court must dismiss Plaintiffs' failure-to-adopt-policies claims against Sheriff Patten and Chief Searcy because Plaintiffs fail to plausibly allege deliberate indifference, a pattern of similar constitutional violations, or facts plausibly establishing notice of unconstitutional consequences.

7. The Court must dismiss Plaintiffs' unconstitutional policy claims against Sheriff Patten and Chief Searcy because Plaintiffs improperly conflate operational and staffing concerns with unconstitutional policies denying overnight medical care.

8. The Court must dismiss Plaintiffs' unconstitutional policy claims against Sheriff Patten and Chief Searcy because isolated statements allegedly made by subordinate officers during a single incident do not plausibly establish the existence of a countywide policy or custom.

9. The Court must dismiss Plaintiffs' failure-to-supervise and failure-to-train claims against Sheriff Patten and Chief Searcy because Plaintiffs fail to plausibly allege any specific supervisory deficiency, causal connection, deliberate indifference, or pattern of similar constitutional violations.

10. The Court must dismiss Plaintiffs' failure-to-supervise and failure-to-train claims against Sheriff Patten and Chief Searcy because Plaintiffs fail to plausibly allege any specific defective training program, omitted training, or inadequacy in training causally connected to the alleged constitutional deprivation.

11. The Court must dismiss Plaintiffs' deliberately indifferent hiring claims against Sheriff Patten and Chief Searcy because Plaintiffs fail to plausibly allege any facts regarding the background, qualifications, prior misconduct, or hiring history of Officers Cleophus Robinson, Wanila Williams, or Vatisha Collins.

12. The Court must dismiss Plaintiffs' deliberately indifferent hiring claims against Sheriff Patten and Chief Searcy because Plaintiffs fail to plausibly allege facts showing the plainly obvious consequence of hiring Officers Robinson, Williams, or Collins would be the constitutional injury alleged here.

13. The Court must dismiss Plaintiffs' claims against Sheriff Patten and Chief Searcy because Plaintiffs' allegations are conclusory, speculative, and devoid of non-conclusory factual matter sufficient to raise a right to relief beyond the speculative level.

14. The Court must dismiss Plaintiffs' claims against Sheriff Patten and Chief Searcy because Plaintiffs fail to plausibly allege facts sufficient to overcome qualified immunity.

15. The Court must dismiss Plaintiffs' claims against Sheriff Patten and Chief Searcy because Plaintiffs fail to plausibly allege Sheriff Patten's or Chief Searcy's actions were objectively unreasonable in light of clearly established law.

16. The Court must dismiss Plaintiffs' claims against Sheriff Patten and Chief Searcy because Plaintiffs fail to identify clearly established law placing the alleged unlawfulness of Sheriff Patten's or Chief Searcy's conduct beyond debate under the particular circumstances alleged in this case.

17. The Court must dismiss Plaintiffs' claims against Sheriff Patten and Chief Searcy because Plaintiffs fail to plead non-conclusory facts which, if true, would overcome Sheriff Patten's and Chief Searcy's qualified immunity.

WHEREFORE, PREMISES CONSIDERED, based on the grounds above, which Sheriff Patten and Chief Searcy set forth in greater detail within their supporting memorandum of authorities, Sheriff Travis Patten and Chief Stanley Searcy respectfully request the Court dismiss all individual capacity claims asserted against them, if any, with prejudice.

**DATE:**       **May 15, 2026.**

Respectfully submitted,

**SHERIFF TRAVIS PATTEN AND
CHIEF STANLEY SEARCY**

BY:    /s/*Lance W. Martin*
          One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Butler Snow LLP
1020 Highland Colony Pkwy, STE 1400
Ridgeland, MS 39157
Tel. 601-948-5711
Fax 601-985-4500
will.allen@butlersnow.com
lance.martin@butlersnow.com

**CERTIFICATE OF SERVICE**

I, the undersigned of Butler Snow LLP, one of the attorneys for Sheriff Travis Patten and Chief Stanley Searcy, hereby certify that on this day I electronically filed the foregoing Motion for Judgment on the Pleadings Based on Qualified Immunity with the Clerk of the Court using the ECF system, which shall give notice to all counsel of record including, but not limited to:

Eric Dillon (MSB No. 100958)
ERIC DILLON LAW FIRM, PLLC
216 West Jackson Street
Ridgeland, Mississippi 39157
601.906.5336
eric@ericdillonlawfirm.com

Jonathan P. Barrett (MSB No. 102426)
BARRETT LAW, PLLC
121 Colony Crossing, Suite D
Madison, Mississippi 39110
601.790.1505
jpb@barrettlawms.com
*Attorneys for Plaintiff*

The 15th day of May 2026.

/s/*Lance W. Martin*
OF COUNSEL